# United States District Court for the District of Columbia

Sai

*Plaintiff*

v.

Department of Homeland Security *et al*

*Defendants*

Civil Action No.:  1:14-cv-01876-RDM

**Combined reply re motion to compel 26(f) conference, response in opposition to motion to stay, and cross-motion for 28 USC 1292(b) certificate of appealability**

*Question presented:* Post *Iqbal*, pending the final outcome of future motions to dismiss involving individual capacity defendants' purported qualified immunity claims, should a stay be granted as to discovery that is relevant to independent, non-immune claims against agency defendants and/or to contesting qualified immunity?

**Issues with factual claims in Defendants' motion**

1. My complaint is not based *solely* on agency failure to act.

As one example, any individual defendant(s)' actual or attempted interference, delay, or obstruction of federal investigation under the Rehabilitation Act is an overt act — a felony.

2. I agree that "this claim does not seek to litigate the merits of the incidents at the two airports", but Defendants understate my claims and requested relief.

This action is about the agency *response* to those incidents. *In part*, the relief seeks to compel the

agency defendants to provide long-overdue responses, but that is again not *exclusive*.

3. I agree that my PSJ motion is premised in part on my belief that discovery is unnecessary to prove its elements, but this is contingent on my argument (not a waiver).

I argue that agency defendants' delay of over a year past the mandatory six month deadline is *prima facie* "unreasonable". The agency could have *unilaterally* extended the deadline for "good cause", 6 CFR 15.70(k). They did not, despite repeated reminders of their continuing violation of the six month deadline and repeated requests for explanation of the delay and updated ETAs. This failure precludes and waives any argument that there was good cause for the delay.

As there is neither good cause for delay nor lawful extension of a mandatory deadline, the delay is *per se* unreasonable and the response unlawfully withheld. Since that is all I need to prove in my PSJ motion, I believe the *prima facie* case on the administrative record is sufficient, and therefore that no discovery is necessary and FRCP 26(a)(1)(B)(i) applies.

*However*, this is contingent on this Court's agreement with my *prima facie* argument. If this Court decides that some element requires a further showing, discovery *is* warranted. In that case, this Court should grant the PSJ in part (as to *prima facie* issues) and deny it without prejudice in part (as to other issues), with leave to amend the complaint and supplement the record.

4. Individual defendants have not been served in their *individual capacities* — but therefore lack standing to *raise* individual capacity issues.

*All* named defendants have been served — just in their official capacities. I did not request summons for individual capacity defendants at case initiation because I did not know how to

serve them. Once AUSA Simon represented ([14-1]) that he could receive such service, I requested ([14]) that summons be issued through him. That unopposed request is still pending.

Since Defendants have repeatedly raised this issue, this Court should consider its corollaries.

Defendants emphasize that they are not currently before this Court in *individual* capacities, but only in *official* capacities ([18], p 3, fn 2). Since individual capacity immunity provides no basis for dismissal in official capacity, the Defendants, *as currently before the court*, have no standing to move to dismiss for qualified immunity, nor a motion (e.g. [18]) premised on such a theory.

Defendants' motion should be stricken as to all individual capacity claims, and no such arguments permitted in future filings until individual capacity defendants file an appearance.

Further, AUSA Simon is not currently authorized to represent individual capacity defendants, nor has he appeared as their counsel. He has represented only that he is authorized to receive service on their behalf, not that he is authorized to represent them as an attorney. Nevertheless, he submitted a motion almost entirely premised on individual capacity claims — i.e. representing individual capacity defendants.

Accordingly, this Court should take this either a *de facto* appearance on behalf of individual capacity defendants — which I would oppose, as the individual capacity defendants have material conflicts of interest both with each other and with the official capacity defendants[1] — or

---

[1] One conflict is that some individual defendants may be better served by claiming that, although they did delay or stop the investigation, they did so at the direction of another individual, by agency policy, or the like. This would be a form of qualified immunity defense which is directly adversarial to the interests of other defendants — and I would negotiate dismissal in return for such testimony. *See* e.g. ABA Rules of Professional Conduct 1.7(a).

It is unethical for a single attorney to represent all the defendants. It harms both me and the

take actions appropriate to a filing made by an attorney on behalf of non-represented clients.

5. My request for admissions was served on Zachary Bromer in his *official* capacity.

My RFA ([16], ex. 2, p. 22-23) was narrow and directed to Bromer in his official capacity only. It would not be barred even by a successful qualified immunity claim; *see* discussion below.

He *has* been served in that capacity (*contrast* [18], p 6). Service was complete upon deposit in the mail, i.e. November 15, 2014 (*see* [6]). I sent the RFA, which he does not deny receiving, on the same day; Bromer *was* properly served at the time of my request. My RFA went to a claim exempted by FRCP 26(a)(1)(B)(i) (*see* above), and therefore was not barred under 26(d)(1).

Furthermore, on December 30, 2014, I re-served my RFA upon AUSA Simon by email, who acknowledged service but refused to respond to any discovery. (*See* [16], ex. 1, p. 2 / 15.)

Defendants could have sought a protective order, but chose not to. If this Court agrees that my request related to a claim exempt under FRCP 26(a)(1)(B)(i), the RFA should be deemed admitted, under FRCP 36(a)(3).

---

individual defendants, by preventing a significant strategy that I and individual defendants acting in their own independent interests would otherwise have to settle this case as to some individuals but not others.

Furthermore, because AUSA Simon works for the Department of Justice, he has additional legal and ethical obligations. If, as I have pled, any individual defendant committed felony obstruction, delay, etc., then the relief I requested — referral to prosecution — would need to be carried out by the Department of Justice. To not unilaterally foreclose my claims of relief or a proper prosecution, the DoJ must ensure that its representative capacity does not interfere with its prosecutorial capacity. In part, this means that it cannot directly represent the individual defendants. *See* e.g. 28 CFR 50.15(a)(5, 7).

**Argument**

1. Defendants have not countered the arguments and cases in my motion, and their argument is barred by collateral estoppel.

The cases I cited in my motion to compel directly contradict Defendants' entire argument. Those cases addressed, and denied, requests to stay discovery due to *Iqbal* qualified immunity claims raised by individual capacity defendants pending a motion to dismiss where a separate claim against an agency (or United States) was also claimed — *exactly on point* for this motion.

All of those cases ruled that discovery should *not* be stayed if it is relevant to claims against official capacity or agency defendants.

Defendants have cited no contrary or overruling precedent, nor any reason to distinguish this case from the cases I cited. All cases they cited in response were either already addressed by the ones cited in my motion, or do not apply to this case (as discussed below).

In particular, Defendants have not even *addressed* the case *George v. Rehiel,* quoted in my motion, in which TSA *lost* the same argument they raise now (*George*, [60], attached with opinion, [64]). Defendants are barred by collateral estoppel from raising that argument here.

*See especially* the court's opinion at *George v Rehiel*, No. 2:10-cv-00586-EL (E.D. Pa. 2012-04-10), [64] p. 3 fn 3 citing collected cases in George's motion [56]; *see also* the response [60] and reply [61-1]. I incorporate George's entire argument by reference, as it is exactly on point here[2]. I have attached the motion, response, reply, and order for this Court's convenience.

---

[2] With one major distinction: in *George,* at the time, defendants had actually *filed* a motion to dismiss for qualified immunity. It had been denied by the district court, and was pending

2. FRCP 16 sets only the *secondary* of two deadlines for 26(f) conference.

Defendants argue that "the time to hold a Rule 26(f) conference has not yet run" because a 16(b) scheduling order is not due until "90 days after any defendant has appeared". As Defendants appeared on December 30, 2014, that date would be March 30, 2015.

However, Defendants quote FRCP 26(f) out of context. Correcting their omission, it reads "the parties *must confer as soon as practicable—and in any event* at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)" (emphasis added).

21 days before the 16(b) order is due — i.e. March 9, 2015 — is a *minimum* date to for 26(f) conference. FRCP 26(f) clearly states it as the *alternative* minimum ("and in any event").

The *primary* rule is "as soon as practicable", and Defendants have shown no reason why a conference is not "practicable". To the extent they have used the term, it is purely duplicative of their *legal* argument purporting that discovery is barred pending a motion to dismiss. They have made no actual claim that there is some *practical* obstacle, let alone to a mere 26(f) conference.

3. Defendants' argument is moot until they actually file a motion to dismiss.

Defendants argue that *all* discovery should be barred until all future motions to dismiss are resolved. However, no such motion has been filed. Even if a *pending* MTD or qualified immunity claim stayed *all* discovery — which it does not — there is no such pending motion *now*, nor was there when Defendants refused to engage in a 26(f) conference.

---

interlocutory appeal. Here, Defendants have *not* filed a motion to dismiss, have no pending appeal, and do not even have standing to file a motion based on qualified immunity — so their argument is even more groundless than the one rejected by the *George* court.

Defendants' argument is only prospective, and does not excuse their past and continuing refusal to engage in a 26(f) conference. *See* e.g. *Rome v. Romero*, below.

Defendants' proper course of action was to immediately file for a protective order, which they chose not to do. Instead, they simply refused the *mandatory* 26(f) conference, without a protective order (or even a pending motion for one). This is sanctionably improper conduct.

   4. *Ideal v. Rivard* ruled on staying the time to file an *answer*, not a stay of *discovery*.

The *Ideal* court made no holding at all about discovery. Even in its *dicta*, the word "discovery" is mentioned only tangentially.

What the *Ideal* court actually *held*, and I do not contest, is that "the language of Rule 12(a) plainly contemplates that a Rule 12(b) motion will extend the time to answer as to all claims, even those not challenged in the Rule 12(b) motion". *Ideal,* 434 F. Supp. 2d 598, 639.

When Defendants file a Rule 12(b) motion, their time to file an *answer* will be extended. However, as stated clearly by courts across the nation (cited in my motion), even a *pending* motion to dismiss does *not* affect Defendants' time to respond to a motion for partial summary judgment, their obligations under FRCP 26, or other discovery.

I am not asking Defendants for "duplicative sets of pleadings" — I am asking for a discovery conference. FRCP 26(f) is unambiguous: conference *must* be held "as soon as practicable" unless an exemption or protective order applies. Defendants contend[3] that no exemption applies, and

---

[3] Though I disagree (as to claims that can be decided on administrative record alone), I take this *arguendo*. If an exemption *does* apply, I can obtain discovery without a 26(f) conference.

have no protective order, so only one standard applies: whether it is "practicable".

Defendants have given no reason why they *cannot* engage in cooperative formulation of a discovery plan. Defendants raise no claim that I have asked for unduly burdensome, excessive, or irrelevant discovery — and in any case, such a claim would not properly be before this Court.

My motion asks merely for a cooperative 26(f) conference. Though it may require some preparation, a conference is hardly so burdensome as to be *impractical*, especially since I have offered to hold the conference remotely, over multiple days, with narrowed subjects.

5. Though this Court may limit discovery for "good cause", the standard is whether the plaintiff will be unable to state *any* claim for relief.

Defendants properly cite *Wood v. McEwen*, but misrepresent its clause. The *Wood* court's standard, citing *B. R. S. Land Investors v. United States*, 596 F.2d 353 (9th Cir. 1978), is not whether the plaintiff will be able to state *all* claims of relief — but rather "a", i.e. *any,* claim.

*Wegner* denied discovery due to a *successful* motion to dismiss *all* of the plaintiff's claims.[4]

Defendants' only specified intent is to move to dismiss for qualified immunity. Even if granted, this would not foreclose *all* claims of relief I seek.

I do not object to a reasonable *limitation* of discovery (*see* below), but Defendants are not seeking a mere limitation. Instead, they are seeking, and unilaterally imposing by their refusal to participate in a 26(f) conference, a *blanket* stay of discovery.

---

[4] Defendants' *Maljack* citation is not on PACER or Google Scholar, so I cannot address it.

    6. *MG v. Metropolitan Interpreters and Translators* relied on the defendant *agency's* claim of absolute immunity.

The *MG* court did order a stay of discovery. However, it did so for reasons that do not apply in this case. Quoting at *4 the context that Defendants omitted (docket citation omitted):

> "In this case, it appears that the conduct of the government actors is inextricably intertwined with the allegations against the non-Federal defendants. The gravamen of the defense for the non-Federal defendants is that the Federal defendants required the polygraph examinations and the contract required that any communications between DEA and Metropolitan were required to flow through Metropolitan. … Consequently, discovery into the actions of the Federal defendants, whether obtained from Plaintiffs, from the non-Federal defendants or from third parties, is critical to establishing facts to support the defense of the non-Federal defendants."

The *MG* court's stay of discovery was predicated on two factors not present here.

First, the defendants referred to are *individual capacity* non-federal defendants acting at the direction of federal defendants, and therefore "intertwined" with the federal defendants' qualified immunity claims. If the *MG* individual capacity federal defendants were dismissed, that court would have had no federal jurisdiction. In this case, there are no state actors involved. *Agency* defendants cannot be considered "intertwined" in this sense, or the FTCA would be toothless. An FTCA claim survives a claim of qualified immunity by any individual involved.

Second, *all* federal defendants in *MG* had raised an immunity defense in pleading before the stay — *including* the United States, which claimed absolute immunity. *See MG* defendants' "Ex parte application for protective order staying discovery", *MG v. MI&T* [52], 2013-02-13, p. 2, 11-20:

> "On January 29, 2013, the Federal Defendants filed a motion to dismiss the entire case against them, in part, because the Court lacks subject matter jurisdiction to hear Plaintiffs' EPPA claims. (Doc. 48.) As argued in the motion, there has been no waiver of sovereign immunity as to the United States that would permit such suit. Similarly, the EPPA claims against the individual Federal Defendants must be dismissed because nowhere in the EPPA has Congress provided for liability on the part of federal employees

acting within the course and scope of their employment – a prerequisite for liability under the Federal Employees Liability Reform and Tort Compensation Act (the, "Westfall Act"), 28 U.S.C. § 2679. Moreover, the individual Federal Defendants argue they are immune from suit based on qualified immunity."

In this case, the agency defendants have *not* raised a claim of absolute immunity. *See* e.g. *George v. Rehiel*, holding that an independent FTCA claim permits discovery despite *Iqbal* qualified immunity claims by individual defendants.

7. *Iqbal, Pearson,* and *Harlow* do not protect official capacity defendants from participating in discovery on non-immune claims.

None of those cases ruled against discovery based upon an independent claim against a federal agency or the United States. Those cases did hold that courts must resolve immunity issues quickly. However, since the *agency* defendants have no immunity in this case, a stay of discovery based on *individual* defendants' claims of qualified immunity would merely delay, and not relieve, their obligation to participate in the requested discovery.

Even for *individual capacity* defendants, "[D]iscovery may be necessary before [individual defendant's] motion for summary judgment on qualified immunity grounds can be resolved. Of course, any such discovery should be tailored specifically to the question of [individual defendant's] qualified immunity." *Anderson v. Creighton*, 483 U.S. 635, 646 at fn. 6 (1987).

Moreover, those cases deal with the standard on a *motion to dismiss* (which is not before this Court) — not a motion for a *blanket stay of discovery* (which is strongly disfavored).

8. *A.A. v. Martinez* involved no separate federal claim or official capacity defendant.

In *A.A. v. Martinez*, the Chief Judge overruled the magistrate judge's order (*A.A. v. Martinez*, No.

1:12-cv-00732-WYD-KMT (D. Co. July 12, 2012), [54]) denying a stay of discovery except as to the one defendant who had claimed qualified immunity in a motion to dismiss. The C.J. did so because neither the defendant nor the magistrate judge had addressed *Iqbal*. (The court later denied the defendant's qualified immunity claim. *A.A.*, Nov. 19, 2012, [64], p 23.)

The *A.A.* case was brought against five *individual capacity* defendants *only*. *None* of the defendants were named in official capacity, nor was there a separate claim against any agency.

*This* case, unlike *A.A.*, is not limited to individual capacity defendants.

This case also names defendants in their official capacities, as well as pleading separate claims against the agency defendants. The *A.A.* court did not have similar circumstances before it, and did not rule contrary to the precedent cited in my motion, which holds that if *any* claim would survive all immunity defenses actually raised in motions to dismiss, official capacity defendants' participation in discovery *as to those claims* would only be delayed, not avoided — and therefore, such discovery should not be stayed.

9. Qualified immunity would not bar the limited discovery I have requested.

The limited discovery I am seeking would be required even if individual defendants are dismissed on the basis of qualified immunity — so such a claim is does not bar discovery.

Defendants claim ([18] p 5) that *Iqbal* precludes discovery in an action which, *in part,* has *Bivens* claims. Again, *see* cases cited in my motion to compel, which squarely dealt with this issue, especially *George v. Rehiel*. The courts are clear that qualified immunity is a bar only to *personal* prosecution, *not* a protection from discovery related to claims against agency

defendants (such as under the FTCA or Rehabilitation Act).

If individual capacity defendants' qualified immunity claims are successful, they will be dismissed in their *individual* capacities. They will not be dismissed in their *official* capacities, nor will they cease to be fact witnesses for my claims against the agency defendants. *See* e.g. *Galarza* ([16], p 10): "staying discovery until the Motions to Dismiss are resolved would merely delay, rather than relieve, the burden on [individual defendants] to participate in discovery."

The *Galarza* court, as with the many others I cited, explicitly addressed and dismissed the exact *Iqbal* argument that Defendants are making here. The discovery barred by an *Iqbal* motion to dismiss on qualified immunity is that which *only* pertains to claims that would be dismissed (except discovery necessary to contest the qualified immunity claim itself).

Even for such claims, discovery is barred only if the motion to dismiss is *successful*. *Iqbal* stated a standard for dismissal, not for stay of discovery. *Iqbal* held that a claim can be dismissed before or during pendency of discovery if the plaintiff does not state "plausible" facts that would support a "reasonable" inference of the claims made — *not* that discovery can be stayed pending a motion to dismiss. *See* again cases cited in my motion, holding this interpretation of *Iqbal*.

Defendants are not seeking a *limited* stay as to only those matters subject to a qualified immunity claim; rather, they are seeking a *blanket* stay of discovery. This is strongly disfavored.

*See*, e.g., [Lugo v. Alvarado, 819 F. 2d 5, 6-7 (1st Cir. 1987)](emphasis original):

> "On August 11, 1986 appellant filed a motion requesting an order staying *all* discovery, and pretrial and trial proceedings, until the issue of qualified immunity was decided. Appellant claimed that the holding in *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), mandated such an outcome. On September 9, 1986 the district court, in a well-reasoned opinion, denied appellant's blanket request, but left the door

open to a request for a protective order if appellee should engage in any discovery that was oppressive, unnecessary or disruptive of the public official's functions. See *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The district court ruled that where the discovery was not directed solely at damage issues related to the qualified immunity defense (*i.e.*, "matters of personal motivations, related to the subjective components of the qualified immunity doctrine"), but rather at the injunctive relief, the granting of an unqualified stay of all discovery, would:

> seriously curtail a civil rights plaintiff's opportunity to present an adequate opposition to the [qualified immunity] motion itself or to even gather and present evidence at a preliminary injunction hearing while the typical defendant in this case will greatly enjoy the advantage of a greater access and control over the evidence.

…

There are powerful policy reasons why discovery should not be halted. Regardless of what happens to the damage claim in this case, the equitable requests stand on a different footing. *Tubbesing*, supra. This fact of life in political discrimination litigation translates into two pragmatic realities. First, the suspension of discovery proceedings on the equitable claims, solely because of an allegation of qualified immunity, only delays the case unnecessarily, because sooner or later the parties will have the right to engage in discovery as to the equitable claims, irrespective of whether there is a surviving damage action. Even if we overlook considerations of efficient calendar management by the trial court, considerations which obviously are not to be slighted, this discovery should be carried out sooner rather than later, particularly where, as here, there are claims of irreparable injury. The expeditious handling of these matters is especially important in cases where temporary relief is requested and/or granted. See Fed.R.Civ.P. 65(b).

Second, and closely related to the first point, any elimination of "disruptive" discovery against government officials in a civil rights suit in which both damage and equitable relief are sought would be totally illusory, because in most cases the scope of discovery as to the injunctive claim is practically the same as that involved in proving damages. Even if defendant succeeds in dismissing the damage action, his governmental psyche will presumably be just as "disrupted" by the remaining discovery procedures."

See also *Rome v. Romero*, 225 F.R.D. 640, *4 (D. Colo. 2004) (emphasis and ellipsis original):

> "First, it is essential to recognize that because the defense of qualified immunity is limited to particular claims against particular individuals, the corresponding protection against burdensome discovery is also limited. The defense is available only to individual government officials, not governmental entities. *Owen v. City of Independence*, 445 U.S. 622 (1980). Furthermore, it is applicable only against claims for monetary damages, and has no application to claims for declaratory or injunctive relief. *Meiners v. University of Kansas*, 359 F.3d 1222, 1233 n. 3 (10th Cir. 2004). Finally, the doctrine is applicable only to claims against officers in their individual capacities; official-capacity claims,

> being the equivalent of a claim against an entity, are not subject to qualified immunity. *Id*.
>
> Even where a qualified immunity defense is asserted, some limited discovery is still permitted. As the Supreme Court in *Crawford-El* observed, qualified immunity does not protect an official from all discovery, but only from that which is "broad-reaching." 523 U.S. at 593 at n. 14. Limited discovery may be necessary when the doctrine is asserted in a motion for summary judgment on contested factual assertions. Id., citing *Anderson v. Creighton*, *644644483 U.S. 635, 646, n. 6,107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) (discovery may be appropriate where, for example, the defendant's characterization of his actions differ from the plaintiff's characterization of those actions). A plaintiff faced with a defense of qualified immunity in a motion for summary judgment may also *55 be entitled to conduct discovery to explore facts essential to justify opposition to the motion as provided for by Fed.R.Civ.P. 56(f). See *Crawford-El*, 523 U.S. at 599 n. 20; *see also Lewis v. City of Fort Collins*, 903 F.2d 752, 758 (10th Cir. 1990).
>
> In addition, discovery up to the point when the qualified immunity issue is presented for adjudication may be appropriate. The protection of the governmental actor is best served when the issue of qualified immunity is raised at the earliest possible stage of the litigation. *Crawford-El*, 523 U.S. at 600. Because the official controls when the issue is presented for adjudication, he cannot be said to be *unduly* burdened if he foregoes an opportunity to address the issue prior to the commencement of discovery, and instead waits to assert it until some point later in the litigation. In such circumstances, it may be appropriate to stay discovery only after the official presents the issue, and to require responses to existing discovery requests. *See e.g., Siegert v. Gilley*, 500 U.S. 226, 231 (1991) ("*[o]nce* a defendant pleads a defense of qualified immunity . . . until this threshold immunity question is resolved, discovery should not be allowed.") (emphasis added)."

I consent to a *reasonable limitation* of discovery — namely, limiting discovery to matters relevant to claims that would *not* be entirely dismissed if a motion to dismiss for qualified immunity is granted (once such a motion is even filed), and to the limited discovery that is permitted and necessary to litigate a claim of immunity itself.

None of the discovery I seek goes beyond that. However, this Court can provide the parties with guidance and/or order a *partial* stay that allows for reasonably tailored and/or staged discovery. A *blanket* stay is unwarranted, and goes against clear post-*Iqbal* precedent.

10. That discovery may be relevant to an individual capacity (e.g. *Bivens*) claim does not preclude it from independent relevance to a non individual capacity claim.

Defendants argue ([18], p 6) that my request for admissions to Bromer would go towards individual capacity defendants' conduct. This is true, so far as it goes; if any individual defendant obstructed or delayed the investigation, that is a felony, to which *Bivens* clearly applies.

However, it *also* goes towards my independent claims against the agency defendants.

In his *official capacity* — the *only* capacity in which he is currently being represented, and in which I requested discovery — Bromer has no standing to object based on a claim of *personal capacity* qualified immunity. The admissions requested would be discoverable regardless of whether or not he is dismissed in his individual capacity. The same applies to all other discovery I seek. That it may *also* be evidence for a *Bivens* claim is irrelevant to this independent basis, which would proceed regardless, and only be delayed and prejudiced by a stay.

Defendants seem to admit that the discovery I seek would overlap, i.e. be relevant to, discovery on non-immune claims. If they disagree, I encourage their reply to clearly specify what (if any) FTCA / Rehab Act related discovery would or would not overlap with *Bivens* related discovery.

Qualified immunity "is a right to immunity *from certain claims*, not from litigation in general" *Behrens v. Pelletier*, 516 U.S. 299, 312 (1996) (emphasis original). It does not provide immunity from *providing testimony in official capacity* on an independent cause of action. "Even though the factual basis of [agency defendant] claims and the § 1983 claim overlap, the claims are legally distinct" *Alice L. v. Dusek*, 492 F.3d 563, 565 (5th Cir. 2007) (denying stay of discovery).

This is especially true when such evidence is not otherwise available. *See* FRCP 56(d). Defendants *exclusively* hold evidence that would substantiate or rebut my claims against agency defendants and that is necessary for me to litigate a qualified immunity claim. I am entitled to such discovery, and further delay only harms the quality of evidence and prejudices my case.

   11. The particulars of my requested discovery, other than my RFA, are not before this Court.

Defendants complain ([18], p 6) that I have not adequately specified the details of the discovery I seek. This is, however, their own fault. The details of discovery are a matter to be discussed and negotiated during a 26(f) conference, which Defendants have flatly refused. I explicitly asked to discuss the details that Defendants refer to, and Defendants refused.

What is presently before this Court is Defendants' refusal to engage in a 26(f) *conference*, and their motion for a *blanket* stay of discovery until final resolution of all future motions to dismiss they might make. The particulars, other than my very modest RFA, are not before this Court. The appropriate response at this stage is not a blanket stay, but rather an order compelling a 26(f) conference and broad Court guidance for the general scope of appropriate discovery at this time. The parties can then negotiate a discovery plan to be submitted to this Court.

If Defendants wish to object to particulars, rather than the generality, such objections should be raised *after* a 26(f) conference through discovery plans and/or motions to compel/protect.

As to Defendant's cross-motion, I ask for the same relief as my motion to compel (including payment of my costs, e.g. PACER fees). I further ask that Defendants, and Defendants' counsel, be directed to read the Sedona Conference Cooperation Proclamation, and to act accordingly.

## Motion for Certificate of Appealability

I respectfully move for an order certifying appealability on these motions *regardless of the outcome*, without stay of proceedings, per 28 U.S. Code § 1292(b).[5] The question presented above purely "involves a controlling question of law". Permitting discovery now would speed and simplify this case, and "may materially advance the ultimate termination of the litigation".

As to "substantial ground for difference of opinion", I refer this Court to the cases cited, as well as to the many law review articles on this issue (generally agreeing with my position), *e.g.*:

- Lori Andrus, *In the wake of Iqbal*, Trial (March 2010, p. 20-29)[6]
- John M. Greabe, *Iqbal, Al-Kidd and Pleading Past Qualified Immunity: What the Cases Mean and How They Demonstrate a Need to Eliminate the Immunity Doctrines from Constitutional Tort Law*, 20 Wm. & Mary Bill Rts. J. 1 (2011)[7]
- Jonah B. Gelbach, *Locking the Doors to Discovery? Assessing the Effects of Twombly and Iqbal on Access to Discovery*, 121 Yale L.J. 2270 (2012)[8]
- Scott Dodson, *New Pleading, New Discovery*, 109 Mich. L. Rev. 53 (2010)[9]
- Joseph Seiner, *Plausibility & Disparate Impact*, 64 Hastings L.J. 287 (Feb. 1, 2013)[10]

---

[5] I am seeking qualified *pro bono* counsel to represent me on such an appeal, and have received some interest, so this issue would be well litigated. I ask that if this Court agrees to certify appealability, this Court briefly delay *entry* of its certification order until I have had adequate opportunity to retain counsel, so that my counsel will have the full 10 days to draft an appeal.

I contacted AUSA Simon, who stated that Defendants oppose this motion. Nevertheless, I offered, and consent to, a joint motion for certification regardless of outcome. That offer stands.

[6] http://andrusanderson.com/wp-content/uploads/2010/04/in_the_wake_of_iqbal2.pdf
[7] http://scholarship.law.wm.edu/wmborj/vol20/iss1/2
[8] http://www.yalelawjournal.org/pdf/1090_jot9oj85.pdf
[9] http://repository.law.umich.edu/mlr/vol109/iss1/2/
[10] http://ssrn.com/abstract=2038897

- Joshua Civin and Debo P. Adegbile, *Restoring Access to Justice: The Impact of Iqbal and Twombly on Federal Civil Rights Litigation,* American Constitution Soc. (Sept. 2010)[11]

- Kevin J. Lynch, *When Staying Discovery Stays Justice: Analyzing Motions to Stay Discovery When a Motion to Dismiss is Pending*, 47 Wake Forest L. Rev. 71 (2012)[12]

Because of the difficulty of appealing discovery orders, interpretations of this question have been mainly at the district court level. Pre-*Iqbal*, *Alice L. v. Dusek*, 492 F.3d 563 (5th Cir. 2007), ruled in favor of my position; post-*Iqbal* district courts interpreted *Alice L.* likewise (*e.g.* [16], p. 9).

This issue would be unreviewably moot on appeal from a final judgment, no matter which way this Court decides. By then, the discovery will have either taken place or been delayed.

If this Court rules in favor of Defendants, I will be irreparably harmed unless I can file an interlocutory appeal. A stay would cause undue delay, prejudice my legal claims, fade the memory of witnesses, risk losing discoverable documents, etc.

If this Court rules in my favor, Defendants would no doubt claim that being compelled to participate in discovery would violate qualified immunity. (In *George v. Rehiel*, TSA *did* request certification on essentially the same issue, although it was denied. *See Rehiel* 2012-06-04, [69].)

I respectfully submit that the question presented above is narrow, of exceptional importance, and a pure matter of law. This motion squarely presents a "difficult and pivotal question of law not settled by controlling authority". It has come up in many cases, across a wide spectrum of issues, ever since *Iqbal* was decided over five years ago. Whether or not discovery is stayed pending a

---

[11] http://www.acslaw.org/sites/default/files/Civin_Adegbile_Iqbal_Twombly.pdf
[12] http://ssrn.com/abstract=1928131

motion to dismiss, and whether qualified immunity claims stay discovery as to non-individual claims, is critical to cases across the nation, especially in civil rights litigation. *See* articles above for extensive discussion on the law and impact of this issue.

Nevertheless, we are *still* without adequate appellate court precedent. The precedent cited by both sides on this issue is non-binding. Although this Court is of course vested with great discretion to determine the facts and balance the equities in discovery, this is a question of law, not fact. Both my claims of injury from stay, and Defendants' claims of injury from discovery, are routine for multi-party civil rights litigation.

Regardless of whether this Court agrees with me or with Defendants, it surely would recognize that there has been much percolation among district courts throughout the country on this issue, and that important questions of law such as this should be settled by the appellate courts, yet that it must now make a decision without clear post-*Iqbal* guidance from the appellate courts. I believe that, as I have shown, the available precedent is squarely in my favor. Defendants contend otherwise, and will surely raise this same argument again in other cases, as they did in *George*. Justice requires uniformity among the district courts foreclosing repeated re-litigation of such controlling issues of law. This can only be achieved by guidance from the courts of appeal.

I therefore respectfully urge this Court to grant 1292(b) certification of its order in these motions, and to issue a detailed memorandum opinion for review of its analysis of the issues presented.

                Respectfully submitted,
                Sai, *plaintiff pro se*
                dccc@s.ai
                +1 510 394 4724 phone / +1 206 203 2827 fax
                4023 Kennett Pike #54514, Wilmington, DE 19807

## Certificate of service

I hereby certify that today, February 25, 2015, I filed this paper by CM/ECF. Official capacity defendants are registered with CM/ECF, which will serve them automatically.

Summons on individual capacity defendants are currently pending the Clerk's action, and individual capacity defendants have not filed an appearance, so this motion has not been officially served on defendants in their individual capacities.

However, individual capacity defendants are not parties either to my motion to compel (which asks only for official capacity discovery) or to Defendants' cross-motion (which was filed only on behalf of official capacity defendants), so such service is not necessary here.

Since the only individual capacity defendants are *also* official capacity defendants, this is a purely technical distinction. Every named individual defendant will be served by CM/ECF.