## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **Sai,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 14-cv-1876 (RDM)** |
| | ) | |
| **Department of Homeland Security et. al,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Before the Court are over a dozen non-dispositive motions, most of which have been filed by the Plaintiff, who is proceeding *pro se*.[1]   In addition, the Plaintiff has moved for partial summary judgment, and the Defendants have moved to dismiss.  Those motions are not yet fully briefed, and some of the present motions are directed at how the parties and court should proceed in addressing those dispositive motions.  The proliferation of motions has invited confusion and uncertainty regarding the status of the pending dispositive motions, with the parties raising and cross-referencing various arguments not presented in the initial briefing.  In order to ensure the orderly progress of this proceeding, this Order will set a schedule for the resolution of the

---

[1]  Although it is difficult to identify the precise number of motions that Plaintiff has filed because many of Plaintiff's filings are styled as containing multiple "motions", many of the separate motions request multiple forms of relief, and many of the documents *not* styled as "motions" request Court action, Plaintiff has filed at least twenty-four separately identified motions since January 2015, along with numerous substantive errata, notices supplementing pending motions, and other unorthodox filings.

pending, dispositive cross-motions and will require that the parties strictly adhere to that schedule absent a showing of good cause.  The Order will also stay discovery (including initial disclosures) and the meet and confer requirement set forth in Federal Rule of Civil Procedure 26(f) pending resolution of Defendant's motion to dismiss.  With respect to the pending motion for partial summary judgment, Plaintiff made the judgment to file that motion very early in the proceeding—indeed, even before Defendants were required to answer or move under Rule 12. The Court understands that Plaintiff and Defendants agree that the motion can be decided on the present record, without the need for discovery, and the Court will decide it on that basis. Accordingly, discovery will also be stayed pending resolution of Plaintiff's motion for partial summary judgment.  If Plaintiff would prefer that the motion for partial summary judgment not be considered on the present record, Plaintiff may promptly withdraw that motion without prejudice.

As explained below, the parties will be given ample opportunity to set forth their respective positions regarding the pending dispositive motions.  The Court, in turn, expects that they will do so within the confines of the briefing schedule set forth below and without cross-referencing or incorporating briefs or notices filed in support of other motions.  In addition, to ensure that matters are addressed in an orderly manner, the Court will require that, while Defendants' motion to dismiss and Plaintiff's motion for partial summary judgment remain pending, the parties refrain from filing further motions (with the exception of motions for extensions of time), unless they first (1) meet and confer regarding the relevant issue, (2) jointly contact the Deputy Clerk to arrange a conference call with the Court to discuss the issue, and (3) obtain leave to file from the Court.  Failure to follow these procedures will provide a basis for the denial of any such motion. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District

Court has broad discretion to stay proceedings as an incident to its power to control its own

docket.").

## BACKGROUND

This action arises out of incidents that occurred at the airport security checkpoints at

Boston Logan Airport (BOS) and San Francisco International Airport (SFO).  Plaintiff alleges

that, in the course of the security screening processes, Plaintiff was subjected to discriminatory

treatment in violation of the Rehabilitation Act and other civil rights laws.  Based on these

allegations, Plaintiff filed an administrative complaint with the Transportation Security

Administration (TSA), which is a component of the Department of Homeland Security (DHS).

TSA, in turn, treated the complaint as two separate grievances—one for BOS and one for SFO.

The present action is directed at the handling of those grievances.  Plaintiff, in particular,

alleges that TSA, DHS and various individuals who work for those entities knowingly and

willfully refused to respond to the complaints in a timely manner.  Although noting that "[l]ater

civil action regarding the actual events at BOS and SFO is contemplated," the complaint is

emphatic that Plaintiff is not currently challenging anything that occurred at the screening

checkpoints.  Compl. ¶ 15.  Instead, "[t]his suit is brought strictly for matters relating to

defendants' handling of [Plaintiff's] complaints."  *Id.*  The suit is premised on a DHS regulation

that requires the department to respond to an administrative complaint brought under Section 504

of the Rehabilitation Act within 180 days.  *See* 6 C.F.R. § 15.70(d).  At least at this stage of the

litigation, Defendants do not dispute that the department failed to act on the two complaints

within the 180-day period.  They do dispute, however, the legal consequences of that omission.

This is not the first action that Plaintiff has brought with respect to the screening

incidents.  In March 2014, Plaintiff brought an action under the Freedom of Information and

Privacy Acts seeking materials relating to the incidents and his grievances. *Sai v. Transportation Security Administration*, No. 14-cv-01876 (D.D.C. Mar. 13, 2014). That case remains pending. As in this matter, Plaintiff has filed an excessive number of motions in the March 2014 case, ultimately prompting the Court to order Plaintiff not file any further motions (with the exception of motions for extensions of time) without the Court's leave, pending resolution of the TSA's pending motions. Order, *Sai v. Transportation Security Administration*, No. 14-cv-403, Dkts. 55, 57 (D.D.C. Aug. 13, 2014).

Plaintiff filed the present case in November 2014. Even before Defendants responded to the complaint, Plaintiff moved "to expedite this action" and for partial summary judgment. Dkt. 7. Seeking immediate relief only with respect to the first count, that motion posited that TSA was required to respond to the administrative complaints within 180 days of receipt, that TSA had not responded to either complaint, that the responses were more than a year beyond the mandated deadline, and that TSA's failure to act was "prima facie unreasonable." *Id.* The Court denied the motion to expedite and granted Defendants' motion for an extension of time to answer or move and to oppose the motion for partial summary judgment. *See* Minute Order, January 30, 2015. Then, before Defendants were required to make those filings, Plaintiff moved to compel Defendants to participate in a Rule 26(f) conference as a prerequisite to Plaintiff's effort to seek discovery from Defendants. Defendants answered that motion and separately moved to stay the Rule 26(f) conference. Dkts. 18, 19. Plaintiff replied and simultaneously moved for certification of an interlocutory appeal under 28 U.S.C. § 1292(b).

Defendants then moved to dismiss the complaint and opposed Plaintiff's motion for partial summary judgment. That same day, Plaintiff filed an "emergency motion" to "sever response to combined motions," seeking permission to file piecemeal responses to Defendants'

filings.  Dkt. No. 25.  Plaintiff also moved to compel Defendants to respond to a declaration

attached to the complaint (which Plaintiff contends is material to Plaintiff's motion for partial

summary judgment under Federal Rule of Civil Procedure 56(e)(1)), and moved to strike any

factual assertions contained in Defendants' motion to dismiss.  *Id.*  And a day later, Plaintiff filed

yet two more motions:  one requesting that the Court take judicial notice of an administrative

claim for money damages, which Plaintiff submitted to DHS that same day, Dkt. 26, and one

seeking the substitution of the United States as the named defendant in place of the named

official-capacity defendants, Dkt. 27.  Plaintiff also filed an "emergency" motion to amend the

docket and a summons to address a clerical error.  Dkt. 28.  Over the next two days, Plaintiff

filed two supplements to the pending motion to compel a Rule 26(f) conference.  Dkts. 28, 29.

       Three days later, Plaintiff filed a motion requesting that the Court take judicial notice of

TSA's "first" response to the BOS administrative complaint.  Dkt. 31.  That response provided

Plaintiff with all—or much—of the injunctive relief sought in the complaint with respect to the

BOS incident.  It answered, but denied, the grievance.  Plaintiff plans to appeal that decision

through the administrative process.  No similar response, however, has been forthcoming with

respect to the SFO incident, and, with respect to the BOS incident, Plaintiff continues to seek

damages and other relief relating to the department's failure to act in a timely manner.

       After filing some additional procedural and responsive pleadings, Plaintiff filed another

motion asking that the Court take judicial notice of Defendants' failure to comply with discovery

deadlines, Dkt. 38, and to strike Defendants' reply in support of their motion to stay the Rule

26(f) conference, Dkt. 39.  Those filings were followed by a motion to disqualify the Assistant

United States Attorney from representing the individual capacity defendants, Dkt. 42, and yet

further responsive pleadings and requests to delay and stagger the briefing process on the

dispositive motions.

## ANALYSIS

The Court will address the many pending motions in groups that are organized to the

extent possible by subject matter.  Given the nature of the motions, however, some overlap is

unavoidable.

**I.    Plaintiff's Motion To Compel And For Sanctions, Dkt. 16; Defendants' Motion To Stay Rule 26(f) Conference And Discovery, Dkt. 19; Plaintiff's Motion For A Certificate Of Appealability, Dkts.  22, 47; Plaintiff's Motion To Take Judicial Notice Of Elapsed FRCP 26(f) Mandatory Minimum Date, Dkt. 38; And Plaintiff's Motion To Strike Reply To Opposition To Motion, Dkt 39**

All of the motions in the first group involve Plaintiff's efforts to obtain discovery at this

early stage of the litigation.  Under Federal Rule of Civil Procedure 26(d), "[a] party may not

seek discovery from any source before the parties have conferred as required by Rule 26(f),

except in proceedings exempt from initial disclosures under Rule 26(A)(1)(B), or when

authorized by these rules, stipulation, or by court order."  Rule 26(f), in turn, provides that,

unless the court orders otherwise, "the parties must confer as soon as practicable—and in any

event at least 21 days before a scheduling conference is to be held or a scheduling order is due

under Rule 16(b)."  Fed. R. Civ. P. 26(f).  Plaintiff argues that Defendants have failed to meet

their obligation to confer in a timely manner under Rule 26(f), thus delaying the commencement

of discovery, and that, in any event, limited discovery should proceed expeditiously.  Plaintiff

further asks that the Court certify this issue for interlocutory appeal and strike portions of one of

Defendants' briefs.  Defendants argue in response that they were not required to confer under

Rule 26(f) prior to the time that they moved to stay the Rule 26(f) conference and that discovery

should not proceed while their motion to dismiss is pending.  They also contend that there is no ground for an interlocutory appeal or to strike any portion of their brief.

## A.

As an initial matter, the Court holds that Defendants timely moved for relief from their obligation to confer under Rule 26(f).  That motion was filed less than 90 days after service was affected on *any* of the defendants, before service was affected on the individual capacity defendants, and less than two months after counsel first appeared in the case.  No scheduling conference had yet been set, nor had the Court ordered that the parties confer and submit a report pursuant to Local Rule 16.3.  Moreover, given the need to coordinate the defense with the individual capacity defendants, the existences of numerous threshold issues, and the need to obtain the Court's guidance about whether any discovery should occur before the threshold issues were briefed and decided, it was reasonable for Defendants to conclude that scheduling a conference under Rule 26(f) was not "practicable."

The Court further concludes that the Rule 26(f) conference and the initiation of discovery should be stayed pending resolution of Defendants' motion to dismiss and Plaintiff's motion for partial summary judgment.  Plaintiff points to various cases where courts have held that discovery should proceed even before or while threshold dispositive motions are decided.  *See, e.g.*, *Escareno ex. rel. A.E. v. Lundbeck, LLC*, 2014 WL 1976867, No. 14-cv-00257 (N.D. Tex. May 15, 2014); *Rheumatology Diagnostics Laboratory, Inc. v. Aetna, Inc.*, 2013 WL 5694452, No. 12-cv-05847 (N.D. Cal. Apr. 30, 2013); Mem. Op., *George v. Rehiel*, No. 10-cv-00586 (E.D. Pa. Apr. 10, 2012) (ECF No. 64).  Plaintiff also argues that neither the *Iqbal/Twombly* line of cases, *see Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), nor the presence of *Bivens* claims, *see Bivens v. Six Unknown Named Agents*, 403 U.S.

388 (1971), and the potential for a qualified immunity defense pose a bar to discovery prior to

the resolution of threshold motions.  Dkt. 16 at 8-11.  And Plaintiff offers that the pending

discovery requests are limited and targeted in a manner that would not cause undue burden and

that will likely be necessary regardless of how the issue of qualified immunity is resolved.  Dkt.

16 at 11-12; Dkt. 20 at 12, 14-15.

Plaintiff is correct that courts often permit discovery while motions to dismiss and other

threshold motions are pending.  But it is equally true that courts, including this Court, have often

stayed discovery "'while a motion that would be thoroughly dispositive of the claims in the

Complaint is pending.'"  *Institut Pasteur v. Chiron Corp.*, 315 F. Supp. 2d 33, 37 (D.D.C. 2004)

(citation omitted).  Courts "are vested with broad discretion to manage the conduct of

discovery," *Chavous v. Dist. of Columbia Fin. Responsibility and Mgmt. Assistance Auth.*, 201

F.R.D. 1, 2 (D.D.C. 2001), with the ultimate goal of ensuring the "just, speedy, and inexpensive

determination of every action and proceeding," Fed. R. Civ. P. 1.  In that vein, "[a] stay of

discovery pending the determination of a dispositive motion 'is an eminently logical means to

prevent wasting time and effort of all concerned, and to make the most efficient use of judicial

resources.'"  *Chavous*, 201 F.R.D. at 2 (citation omitted).   No categorical rule is appropriate;

rather each case should be considered based on its unique facts and context.

Here, a stay of the Rule 26(f) conference and of discovery pending resolution of the

threshold, dispositive motions is appropriate.  Both threshold motions raise significant issues,

and their resolution will likely define the scope of discovery, if any.  Moreover, although there is

good reason not to enter a stay "where discovery is necessary for the party *opposing* summary

judgment to develop 'additional facts,'" there is "no authority support[ing]" the notion that a

plaintiff should be able "to concurrently *move* for summary judgment and take discovery

regarding the issues address in the motion." *Chavous*, 201 F.R.D. at 3.  Here, Plaintiff made a decision to file an early motion for summary judgment and thus cannot ask that the Court authorize discovery in support of that motion, the filing of which was entirely in Plaintiff's control.  To be sure, Plaintiff seeks only *partial* summary judgment and might reasonably maintain that discovery should proceed at least with respect to the remaining claims.  That response, however, fails to address the fact that the allegations made in support of the count on which Plaintiff now seeks judgment and the allegations in support of the remaining counts overlap in substantial part and the fact that Defendants seek to dismiss the entire complaint.

Plaintiff's contention that discovery can be tailored in a way that does not burden the Defendants—and, in particular, the individual capacity defendants who may assert qualified immunity defenses—fares no better.  The pending motions may resolve issues well beyond the issue of qualified immunity, and, indeed, may resolve the entire matter.  Efforts to limit discovery in this manner, moreover, would likely lead to duplicative discovery and thus a waste of resources.

Accordingly, the Court hereby ORDERS that Defendants' motion to stay Rule 26(f) conference and discovery, Dkt. 18, is GRANTED nunc pro tunc to February 18, 2015, and it is further ORDERED that all discovery in this matter is stayed pending the resolution of the Defendants' motion to dismiss and Plaintiff's motion for partial summary judgment.  Plaintiff's motion to compel and for sanctions, Dkt. 16, is DENIED, and Plaintiff's motion to take judicial notice of elapsed FRCP 26(f) deadline, Dkt. 38, is DENIED as moot.

**B.**

In Plaintiff's response to Defendants' motion for a stay of discovery, Plaintiff moved for a certificate of appealability "regardless of whether this Court agrees with [Plaintiff] or

Defendant" with respect to the issues raised in the motion to compel and the motion to stay discovery. Dkt. 20 at 17; Dkt. 47 (requesting that the Court certify two slightly different versions Plaintiff's proposed question). Under 28 U.S.C. § 1292(b), a district court may certify "an order not otherwise appealable" for interlocutory appeal, if the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." Because certification runs counter to the general policy against piecemeal appeals, this process is to be used sparingly. *See, e.g.*, *Stewart v. Gates*, 277 F.R.D. 33, 37 (D.D.C. 2011). Here, Plaintiff's application to certify a garden-variety discovery dispute for interlocutory appeal is baseless. The decision whether to permit discovery to proceed while a threshold, dispositive motion is pending is both case-specific and committed to the discretion of the district court. *See United States v. Honeywell Int'l, Inc.*, 20 F. Supp. 3d 129, 131-32 (D.D.C. 2013) (noting that courts must "'weigh competing interests and maintain an even balance'" in deciding motions to stay discovery); *Chavous*, 201 F.R.D. at 3. Permitting the interlocutory appeal of an order of this type would not serve the purposes of Section 1292(b). Defendant's motion, Dkt. 20, including the errata to the motion, Dkt. 47, is, accordingly, DENIED.

## C.

Defendants filed their reply in support of their motion to stay discovery shortly after filing their motion to dismiss, and, as one might expect, argued that discovery is not warranted on most of Plaintiff's claims in light of the asserted defects highlighted in that motion to dismiss. Plaintiff moved to strike all portions of the reply relying on "any theory not previously raised" on the ground that these portions of the reply are "procedurally improper because they "deprive[ ] [Plaintiff] of the ability to have responded to these new theories in [Plaintiff's] response." Dkt.

39 at 1.  In their initial motion for a stay of discovery—which was filed before the motion to

dismiss was due—Defendants argued that the claims for which Plaintiff sought discovery have

"serious threshold defects" that Defendants would address in the eventual motion to dismiss,

Dkt. 18 at 5.  Their reply in support of the motion for a stay of discovery, which was filed after

the motion to dismiss, unsurprisingly identifies those threshold defects in greater detail and

addresses the impact of other filings that Plaintiff made in the interim.  Dkt. 36.

To the extent that Plaintiff believes that the motion to dismiss addresses arguments not

previously raised, the proper course would have been for Plaintiff to seek leave to file a sur-

reply, rather than seeking to strike Defendants' motion.  *See, e.g.*, *Ben-Kotel v. Howard

University*, 319 F.3d 532, 536 (D.C. Cir. 2003).  Plaintiff, however, contends that such a course

would have been futile because that would not have given him sufficient time to respond.  Dkt.

47 at 4.  Plaintiff further contends that Defendants' reply "improperly seeks to incorporate their

entire motion to dismiss," and argues that he should not be required to substantively reply to the

motion to dismiss in a sur-reply.  Dkt. 47 at 4.  But the entire basis for Defendants' motion for a

stay was their argument that their forthcoming motion to dismiss would resolve many issues in

the litigation, and Defendants properly elaborated on those issues in their reply.  In any event, the

Court can properly take notice of the substance of those arguments without full briefing as to

their merits.  In granting Defendants' motion to stay discovery, the Court does not treat the

pending motion to dismiss as "incorporated into" the motion to stay discovery or express any

conclusions regarding the pending dispositive motions.  The whole point of the motion to stay,

after all, is to resolve how discovery should proceed pending the resolution of those dispositive

motions.  For present purposes, the Court merely notes that Defendants' motion to dismiss raises

significant issues and that the resolution of those issues will likely define the scope of any

necessary discovery.  Accordingly, Plaintiff's motion to strike Defendants' reply is DENIED.

## II.     Plaintiff's Emergency Motion To Sever And Stay Response To Defendants' Combined Motion; To Compel Immediate Response Per FRCP 56(e)(1); And To Strike Improper Factual Claims,  Dkt. 25

The second group of motions address the schedule and procedures for briefing the

pending, dispositive motions.  On January 15, 2015, Plaintiff filed a motion for partial summary

judgment, Dkt. 7, seeking judgment on the first claim of relief, "Refusal to Respond to

Rehabilitation Act Complaint within 180-Day Deadline," Dkt. 1 at 9-10.  The agency and

official-capacity defendants responded to Plaintiff's partial motion for summary judgment, Dkt.

24, and moved to dismiss the complaint.  Dkt. 23.  Along with the motion to dismiss, the United

States also filed a statement of interest under 28 U.S.C. § 517, suggesting that the Court dismiss

the Section 1983 and *Bivens* claims against the individual capacity defendants *sua sponte*.[2]

In response to these motions, Plaintiff filed an "Emergency Motion to Sever and Stay Response

to Defendants' Combined Motion; to Compel Immediate Response Per FRCP 56(e)(1), and to

Strike Improper Factual Claims."  Dkt. 25.

### A.

To the extent Plaintiff's motions seek additional time to respond to Defendants' motion

to dismiss and statement of interest and to file a reply in support of Plaintiff's motion for partial

---

[2] 28 U.S.C. § 517 provides in full that "The Solicitor General, or any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States."  *See, e.g., Lempert v. Rice,* 2013 U.S. Dist. LEXIS 101525, at *1-2 (D.D.C. July 19, 2013) (acknowledging a Section 517 statement of interest in defense of the U.S. Ambassador to the United Nations); *Weixum v. Bo Xilia,* 568 F. Supp. 2d 35, 35 (D.D.C. 2008) (acknowledging a Section 517 statement of interest in defense of a minister for the People's Republic of China).

summary judgment, those requests will be addressed in the scheduling order set forth below.

The Court has already vacated the deadline for Plaintiff to file those briefs, *see* Minute Order,

March 9, 2015 (vacating deadline to reply to Motion to Dismiss); Minute Order, March 9, 2015

(granting motion to clarify and vacating deadline to reply to opposition to motion for summary

judgment), and, in this Order, the Court will provide Plaintiff with ample time to prepare and file

the briefs.  The Court concludes, however, that efficiency and order would not be promoted by

permitting Plaintiff to respond to the pending motions in stages.  Rather, a single brief should be

filed in opposition to the motion to dismiss and statement of interest, and a single reply brief

should be filed in support of Plaintiff's motion for partial summary judgment.

Accordingly, to the extent that Plaintiff moves to stay the deadlines for responding to

Defendants' motion to dismiss and statement of interest and to file a reply in support of

Plaintiff's motion for partial summary judgment, Dkt. 25 at 1, the motion is DENIED as moot.

A briefing schedule is set forth below.  To the extent Plaintiff moves to sever his responses to

allow for "staged research and response," Dkt. 25 at 1-2, the motion is DENIED.

### B.

Plaintiff also moves to compel an "immediate response" under Rule 56(e) to the affidavit

filed with Plaintiff's complaint or to treat unopposed assertions of fact as conceded.  Dkt. 25 at

2-3.  Plaintiff's motion for summary judgment does not include a statement of material facts as

to which there is no genuine dispute, as required by Local Rule 7(h), but instead submits "by

reference" Plaintiff's "sworn affidavit."  Dkt. 7, 1, n.1.  In response, Defendants argue that

Plaintiff's motion does not comply with Rule 7(h) and that, in any event, the facts set forth in the

affidavit go far beyond those that are "material" to the motion for partial summary judgment.

Dkt. 43 at 3; *see also* Dkt. 24 at 4-5.   In their view, the only facts material to the issue presented

by Plaintiff's motion for partial summary judgment are (1) the dates on which Plaintiff filed the administrative complaints, and (2) the fact that as of the date Plaintiff filed the motion for summary judgment, Defendants had not responded to those complaints.   Dkt. 43 at 5; *see also* Dkt. 24 at 4-5.  Defendants concede that those facts are true.

Plaintiff presumably would not complain if the Court were to hold that these facts were sufficient to support the motion for partial summary judgment but asks that the Court recognize other facts as undisputed *in case* the Court holds that Plaintiff bears the burden of showing that there was not "good cause" for the delay or a "lawful extension of the mandatory deadline."  Dkt. 20 at 2.  Plaintiff's position appears to be that the facts set forth in paragraphs 1-63 of the affidavit are germane to these issues because they "go to both the facts of the administrative response *and* to the reasonableness and illegality of agency defendants' official actions and inactions."[3]  Dkt. 25 at 2.  Defendants request that, if the Court decides to treat Plaintiff's affidavit as a statement of material facts under Local Rule 7(h), they be provided an opportunity to file a responsive statement.  Dkt. 24 at 5.

Under these circumstances, the Court will treat the following facts as undisputed for purposes of the pending motion for partial summary judgment:  (1) Plaintiff filed an administrative complaints relating to the BOS and SFO incidents on January 26, 2013 and March 15, 2013, respectively, and (2) neither TSA nor DHS had responded to those complaints as of the date Plaintiff moved for summary judgment.  In addition, the Court will treat paragraphs 1-63 of Plaintiff's affidavit as a statement of material facts not in genuine dispute.  Given the fact that Plaintiff did not strictly comply with Local Rule 7(h) and also included facts in the affidavit that

---

[3] Although the affidavit contains 80 paragraphs, in his motion to compel a response, Plaintiff clarified that only paragraphs 1-63 are relevant to the motion for summary judgment.  Dkt. 25 at 2; *see also* Dkt. 44 at 6.

are not germane to the motion for partial summary judgment, however, Defendants will be provided an opportunity to file a responsive statement.  Although requiring Plaintiff to re-file the affidavit in the form contemplated by the local rules will not, in these circumstances, promote efficiency, Plaintiff is cautioned that even *pro se* litigants must comply with the rules, *see, e.g.*, *Akers v. Liberty Mut. Group*, 274 F.R.D. 346, 349-350 (D.D.C. 2011), and that, in the future, submissions that fail to conform to the rules may be stricken.  In general, merely cross-referencing material filed with other pleadings and for other purposes will not satisfy the rules.

For these reasons, to the extent that Plaintiff moves to compel a response under Rule 56(e)(1), Dkt. 25 at 2, the motion is GRANTED in part and DENIED in part.

## C.

Plaintiff also moves to strike "all factual claims or denials in Defendants' motions," on the basis that some portion of Defendants' motion to dismiss constitutes "improper and unsworn testimony by counsel."  Dkt. 25 at 2.  The only example to which Plaintiff points is a footnote in which Defendants argue that many of the allegations in the affidavit attached to Plaintiff's complaint "have no bearing on the legal issue raised in the motion for partial summary judgment and are denied by Defendants," and assert that they are not conceding the truth of any of the allegations contained in Plaintiff's affidavit.  Dkt. 23 at 4, n.4.  Defendants, in turn, argue that Federal Rule of Civil Procedure 12, which addresses motions to strike, applies to pleadings, not briefs or motions to dismiss.  *See* Fed. R. Civ. Pro. 12(f) ("The court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.").

Plaintiff's motion to strike is meritless.  Defendants' contention that the factual allegations have no bearing on the legal issues is not an assertion of fact and is precisely the type of argument that parties are entitled to make in threshold motions, like those at issue here.

Moreover, Defendants' assertion that they are not conceding any factual allegations made by Plaintiff does not constitute "unsworn" or improper "testimony" by counsel.  Finally, as noted above, paragraphs 1-63 of Plaintiff's affidavit will be treated as a statement of material facts as to which there is no genuine dispute, and Defendants will have the opportunity to respond to it, along with references to the evidence supporting their position.  That response should address any concern raised by Plaintiff's motion to strike.

Accordingly, to the extent Plaintiff moves to strike portions of Defendants' response, Dkt. 25 at 2, the motion is DENIED.

### III.   Plaintiff's Motion To Take Judicial Notice Of Claim For Money Damages And For Stay, Dkt. 26

In Defendants' motion to dismiss they argue that Plaintiff has not exhausted claims arising under the Federal Torts Claims Act, 28 U.S.C. § 1346(b) ("FTCA"), and that the Court, accordingly, lacks jurisdiction to consider those claims.  Dkt. 23, at 13-15.  The following day, Plaintiff filed a notice with the Court attaching a "claim for money damages against the United States, TSA, & DHS," which Plaintiff purportedly filed with the government that same day.  Dkt. 26.  Plaintiff now asks that the Court take judicial notice of this claim and that it stay proceedings on the FTCA claim for the lesser of six months or until such time as Plaintiff receives a final administrative determination of the claim.  *Id.*

Granting a stay while DHS and TSA consider Plaintiff's administrative claim for damages would be futile.  The plain language of the FTCA provides that a lawsuit may "not be *instituted* upon a claim against the United States for money damages . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant" has "*first* presented the claim to the appropriate agency" and the agency has "finally denied" the claim.  28 U.S.C. § 2675 (emphasis added).

16

Thus, the law unambiguously "bars a plaintiff from *filing suit* before he or she has exhausted . . . administrative remedies." *Edwards v. Dist. of Columbia*, 616 F. Supp. 2d 112, 116 (D.D.C. 2009) (emphasis added).

Failure to exhaust administrative remedies before bringing suit, moreover, cannot be remedied by amending the complaint or attempting to exhaust while the suit is pending. *Id.* at 117 (collecting cases).  Permitting a party to file suit without exhausting, only to then seek a stay of the proceeding while he or she files and exhausts an administrative claim, would undermine the exhaustion requirement and would unnecessarily burden the courts and the parties. *Id.* at 117 (quoting *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999)).  Indeed, the FTCA expressly contemplates that actions will be dismissed—rather than stayed—while a party seeks to exhaust a previously-unexhausted claim.  Section 2679 provides that when the United States is substituted as a party and the action is dismissed for failure to exhaust, an administrative claim will be deemed timely if the claim would have been timely had it been filed when the underlying lawsuit was filed, and "the claim is presented to the appropriate Federal agency within 60 days *after dismissal* of the civil action."  28 U.S.C. § 2679(d)(5) (emphasis added).

Because granting the stay would not enable Plaintiff to cure a failure to exhaust, Plaintiff's motion to stay the FTCA claims, Dkt. 26, is hereby DENIED.  Moreover, in the absence of some showing by the Plaintiff of the relevance of the recently-filed administrative claim, the Court DENIES Plaintiff's motion to take judicial notice of the claim without prejudice. The Court will entertain a renewed motion to take judicial notice of the claim if, at a later time, Plaintiff is able to establish its relevance.

IV.     **Plaintiff's Motion To Substitute Party And Motion For Joinder, Dkt. 27**

Plaintiff argues that in light of the representations made by Defendants in their motion to

dismiss and attached certification, Dkt. 23, 23-1, the United States should be joined as an

intervenor and should be substituted for all named, official-capacity defendants. Dkt. 27.

Defendants acknowledge that because the Attorney General's designee has certified that the

individual defendants acted within the scope of their employment with respect to the alleged

torts, "the United States should be substituted as the proper party defendant with respect to the

tort claims by operation of law." Dkt. 43 at 6. Nonetheless, Defendants oppose Plaintiff's

motion on the ground that it is not "necessary here" because the Court lacks jurisdiction over

Plaintiff's tort claims. *Id.* It appears that both parties are mistaken.

The Westfall Act, 28 U.S.C. § 2679(d), provides that "[u]pon certification of the Attorney

General [or his designee] that the defendant employee was acting within the scope of his office

or employment at the time of the incident out of which the claim arose, any civil action or

proceeding commenced upon such claim in a United States district court shall be deemed an

action against the United States under the provisions of" the FTCA, "and the United States shall

be substituted as the party defendant." The purpose of the certification procedure is to "accord[ ]

federal employees absolute immunity from common-law tort claims arising out of acts they

undertake in the course of their official duties." *Osborn v. Haley*, 549 U.S. 225, 229 (2007).

Plaintiff's request that substitution apply only with respect to "named, official capacity

individual defendants (*excluding* 'unknown' and individual capacity defendants)," Dkt. 27 at 2,

is at odds with the language and purpose of the Westfall Act. Indeed, substituting the United

States only for the official capacity defendants would serve no purpose; "official capacity"

claims are effectively claims against the agency itself, *see Kentucky v. Graham*, 473 U.S. 159,

166 (1985), and tort claims seeking money damages from individual employees are necessarily brought against those employees in their individual capacities.  Although a Westfall certification is subject to judicial review, *Stokes v. Cross*, 327 F.3d 1210, 1213 (D.C. Cir. 2003), the law cannot reasonably be construed to reach official capacity, but not individual capacity, defendants.

Defendants' position is also flawed.  They assert that "the United States should be substituted as the proper party," but then say that "substitution is not necessary here where the Court lacks jurisdiction over Plaintiff's tort claims."  Dkt. 43 at 6.  Their argument for why the Court allegedly lacks jurisdiction, however, is based on Plaintiff's failure to exhaust administrative remedies.  Dkt. 43 at 6-7.  That argument, in turn, is premised on the substitution of the United States for the individual-capacity defendants.  Defendants may have some other theory in mind, but, if so, they have not identified any relevant authority that would permit the Court to dismiss the claims against the *individual-capacity defendants* for failure to exhaust claims against the *United States*, while declining to substitute the United States for those individuals pursuant to the Westfall Act.  In addition, Defendants fail recognize that the language of the Westfall Act is mandatory:  "Upon certification by the Attorney General that a defendant employee was acting within the scope of his office or employment at the time of the incident" giving rise to a suit, the suit "*shall* be deemed an action against the United States" and "the United States *shall* be substituted as the party defendant."  28 U.S.C. § 2679(d)(1) (emphasis added).  Given this mandatory language, Defendants are not free to file a Westfall certification while simultaneously arguing that the United States should not be substituted as a party defendant.

Because substitution, if applicable, would extend to the individual-capacity defendants, Plaintiff's motion to substitute the United States for the official-capacity defendants is DENIED. In further briefing on the pending motion to dismiss, the parties shall address whether the Court should substitute the United States for the individual-capacity defendants and the scope and consequences of any such substitution.

## V.   Plaintiff's Emergency Motion To Correct Docket And Summons, Dkt. 28

Plaintiff has partially withdrawn the "emergency motion to correct docket and summons," Dkt. 28, to the extent that motion seeks to amend the summons. To the extent Plaintiff seeks to have the docket corrected, it is hereby ORDERED that the motion is GRANTED. The Clerk is instructed to update the docket to reflect that the defendant's name is Megan H. *Mack*, not Megan H. Hack.

## VI.   Plaintiff's Motion To Take Judicial Notice Of First Response To BOS Complaint, Dkt 31

On March 4, 2015, Plaintiff received a response to one of the two administrative complaints that are the subject of this suit. In response, Plaintiff filed a "motion to take judicial notice of first response to BOS complaint." Dkt. 31. That motion is in part defensive and in part offensive. On the defensive side, Plaintiff asserts that the response does not moot any claim in the case, with the possible exception of the claim for injunctive relief requiring DHS and TSA to issue a response to the BOS complaint. *See* Dkt. 1 at 9-10, 14. It does not, according to Plaintiff, moot any claims relating to the SFO complaint or Plaintiff's claims for declaratory relief, "a permanent injunction against similar behavior," payment of costs, damages and discovery. Dkt. 31 at 2. Plaintiff also argues that the conduct at issue is capable of repetition while evading review, further rebutting any possible claim of mootness. Defendants have not

sought to dismiss Plaintiff's claims as moot,[4] nor does the Court, *sua sponte*, see a basis to dismiss any of the claims (with the exception of the claim for an injunction ordering DHS and TSA to issue the BOS decision) as moot at this time.  In briefing the motion to dismiss under the schedule set forth below, the parties shall address whether all non-monetary claims relating to the BOS incident should be dismissed as moot.

Plaintiff further requests that the Court retain jurisdiction over the claim for an injunction relating to the BOS complaint, arguing that the claim must still be considered on administrative appeal and Plaintiff anticipates that "TSA is likely to unreasonably delay and unlawfully withhold its response to the appeal as well." Dkt. 31 at 2.  In response, Defendants argue that any claim for delay regarding Plaintiff's administrative appeal "goes beyond the scope of the existing complaint," that Plaintiff is not entitled to amend the complaint by filing a motion for "judicial notice," and that, in any event, claims relating to the appeal are necessarily speculative and not ripe.  Dkt. 43 at 9.  Defendants are correct.  Even if it were permissible for Plaintiff to amend the complaint to include additional causes of action by filing a motion for judicial notice, Plaintiff's speculation that DHS and TSA might delay or otherwise err in its administrative appeal does not satisfy the constitutional requirement that federal jurisdiction is limited to cases in which there is an "injury-in-fact that is 'imminent' or 'certainly impending.'" *American Petroleum Institute v. EPA*, 683 F.3d 382, 387 (D.C. Cir. 2012).  This Court lacks jurisdiction over such a purely hypothetical claim and cannot "retain jurisdiction" to see if a claim might someday develop.

---

[4]   Defendants do contend *all* of Plaintiff's claims for relief are deficient and should be dismissed; those remaining arguments, however, do not turn on mootness.

On the offensive side, Plaintiff contends that the release of the records "justifies immediate entry of judgment against TSA for [Plaintiff's] costs and attorney's fees in this action to date." Dkt. 43 at 3-4; Dkt. 48 at 5-6. Although Plaintiff does not specify the statutory basis for this claim for attorneys' fees, the Court will construe the request as arising under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. That statute provides that in actions against the United States (including challenges to agency actions), a "prevailing party" is entitled to costs and attorneys' fees unless the position of the United States was "substantially justified." 28 U.S.C. § 2412(d). Plaintiff argues that under this Circuit's precedent, a party is a "prevailing party" even in the absence of judicial relief if (1) the party "received a significant part of the relief it sought;" and (2) "the lawsuit was a necessary or substantial factor in obtaining that result." *Lundin v. Mecham*, 980 F.2d 1450, 1457 (D.C. Cir. 1992).

Plaintiff's reliance on *Lundin*, however, ignores the Supreme Court's more recent case law squarely rejecting the argument that the term "prevailing party" includes "a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." *Buckhannon Board & Care Home, Inc. v. West Virginia Dep't of Health and Human Resources*, 532 U.S. 598, 600 (2001) (applying "prevailing party" provision of the Federal Housing Amendments Act of 1988). In *Buckhannon*, the Court emphasized that a "defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change" to render the plaintiff a "prevailing party" for purposes of fee-shifting statutes. *Id.* at 605. Although the Court of Appeals has not expressly overturned *Lundin*, it has held that *Buckhannon* extends to claims for attorneys' fees under EAJA. *See Thomas v. National Science Foundation*,

330 F.3d 486, 492 n.1 (D.C. Cir. 2003); *see also In re Long-Distance Tel. Serv. Fed. Excise Tax Refund Litig.*, 751 F.3d 629, 634-35 (D.C. Cir. 2014) (Plaintiffs "never obtained 'judicial relief' and so they are not entitled to fees.").  Plaintiff's request for attorneys' fees is predicated on the agency's voluntary response to Plaintiff's administrative complaint; at this point, the Court has not issued any rulings implicating the parties' legal obligations with respect to that complaint. Thus, even assuming that Plaintiff could demonstrate that this lawsuit was a "necessary or substantial factor" in causing the agency to issue its response to one of Plaintiff's complaints, the agency's voluntary action would not render Plaintiff a "prevailing party."

Accordingly, Plaintiff's request that the Court retain jurisdiction over the pending administrative appeal is DENIED, and Plaintiff's motion for costs and attorney's fees is DENIED without prejudice.

## VII.   Emergency Motion To Sever Reply Re: All Remaining Matters; Emergency Motion For Extension Of Time To File Response/Reply, Dkt. 49

Defendants filed an omnibus opposition to many of the above motions.  In response, Plaintiff filed four separate documents containing replies with respect to most of the issues addressed in the omnibus opposition, Dkts. 44, 45, 46, 48, along with an "emergency motion to sever and extend time to reply" to the opposition.  In the "emergency motion," Plaintiff requests leave to sever and extend the time to file the reply to the arguments that are "duplicative" of those raised in the pending dispositive motions.  Dkt. 49.

After this motion was filed, the Court vacated the deadline for Plaintiff to respond or reply to the pending motion to dismiss and motion for partial summary judgment.  As set forth below, the parties shall file a single set of briefs addressing all arguments with respect to Defendants' motion to dismiss and a single set of briefs addressing all arguments with respect to Plaintiff's motion for partial summary judgment.  The present order is intended, in large part, to

23

avoid precisely the type of confusion, overlap and cross-referencing that plaintiff's request invites.  Accordingly, this motion is DENIED.

## VIII.   Motion To Disqualify Counsel, Dkt. 42

Plaintiff has also filed a motion arguing that there are conflicts of interest between the individual and agency defendants.  Dkt. 42.  That motion seeks to disqualify agency counsel from representing the individual-capacity Defendants and, in the alternative, requests that the Court direct that the Department of Justice file a certification explaining how it can, consistent with the rules, represent the individual-capacity Defendants.  Dkt. 42 at 3.

The sole basis that Plaintiff offers in support of this extraordinary motion is the fact that *Plaintiff* has offered to dismiss the claims against any individual-capacity Defendant who is willing to "provide full testimony as to why the investigation of [the BOS and SFO complaints] were delayed, stopped, or obstructed."  Dkt. 42 at 1-2.  Plaintiff further states that the offer will expire after any Defendant, "having had the opportunity to have non-conflicted counsel on the matter, makes a filing against me."  *Id.* at 2.

This argument does not come close to making the substantial showing required to support the "drastic measure" of disqualifying counsel of a party's choice.  *In re Rail Freight Fule Surcharge Antitrust Litig.*, 965 F. Supp. 2d 104, 110 (D.D.C. 2013); *see also Steinbach v. Cutler*, 463 F. Supp. 2d 4, 7 (D.D.C. 2006) (noting the "extraordinarily high burden" required to disqualify counsel).  As an initial matter, any suggestion of an actual conflict is, at best, conjectural.  Plaintiff merely assumes that a conflict might exist without any evidence of an actual conflict.  Moreover, the hypothesized conflict is entirely of Plaintiff's own making.  It is Plaintiff's offer that gives rise to the asserted conflict.  Disqualifying counsel at the behest of Plaintiff under such circumstances would invite intolerable gamesmanship, including

24

manufactured conflicts.  *Cf., e.g.*, *Wheat v. United States*, 486 U.S. 153, 163 (1988) (noting that courts must "take into consideration" the risk that a party "may seek to 'manufacture' a conflict in order to prevent a defendant from having particularly able defense counsel at his side."). Indeed, if permitted under these circumstances, it is difficult to imagine a multi-party case in which the opposing party would be unable to force the disqualification of counsel by merely offering to settle with one party on the condition that he or she testify against his or her co-parties.  And, finally, Plaintiff's theory improperly assumes that the content of a party's testimony would turn on his or her alignment (through settlement or otherwise) with Plaintiff or Defendant.  If one assumes, instead, that the government officials who have been named in the lawsuit will testify (if required to do so) openly and truthfully regardless of any settlement with Defendant, Plaintiff's asserted conflict evaporates.[5]  Plaintiff's speculative arguments fall far short of demonstrating ethical violations that rise to the level of "undermining the court's confidence in the vigor of counsel's representation" as would be required to warrant disqualification of counsel.  *See Steinbach*, 463 F. Supp. 2d at 7-8.

Plaintiff's motion to disqualify counsel for the individual-capacity Defendants is, accordingly, DENIED.

## IX.    Emergency Motion To Toll All Deadlines, Dkt. 52

In light of the briefing schedule set forth below and the vacation of existing deadlines on those motions that remain unresolved after this Order, Plaintiff's emergency motion to toll all deadlines, Dkt. 52, is DENIED as moot.

---

[5] Plaintiff's assertion that an actual conflict of interest exists at this time is particularly far-fetched because the individual defendants are all agency employees, whose ability to testify concerning these matters will be constrained by the procedures provided in 6 C.F.R. § 5.45.  *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).

**X.      Briefing Schedule And Process For Further Filings**

The above portions of this order resolve all pending motions other than the outstanding motion to dismiss and motion for summary judgment.  With respect to the outstanding dispositive motions, the parties are ordered to adhere to the schedule and procedures set forth below:

It is hereby ORDERED that on or before April 29, 2015, Defendants may supplement their motion to dismiss with a filing of no more than five pages, identifying any separate grounds for dismissal that have arisen since the initial motion to dismiss was filed.  Plaintiff shall file a single opposition to the Defendants' motion to dismiss, as supplemented, including the arguments raised in the statement of interest by the United States, on or before May 29, 2015.  Plaintiff's opposition shall not exceed 50 pages in length.  Defendants shall file a single reply brief, not to exceed 25 pages, on or before June 12, 2015.   The briefs may not incorporate by reference arguments made in prior filings, and the motion to dismiss will be decided based exclusively on the briefs submitted with respect to that motion.

Plaintiff is advised that failure to respond may result in the Court granting the motion and dismissing the case.  *See Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988); *Neal v. Kelly*, 963 F.2d 453, 456-57 (D.C. Cir. 1992).  Moreover, if Plaintiff's opposition fails to address any particular argument raised in the defendants' motion, that argument may be treated as conceded. *See, e.g.*, *Burnett v. Sharma*, 511 F. Supp. 2d 136, 145-46 (D.D.C. 2007) ("if 'a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded'") (quoting *Buggs v. Powell*, 293 F. Supp. 2d 135, 141 (D.D.C. 2003)).

It is further ORDERED that on or before April 29, 2015, Defendants shall file a responsive statement to Paragraphs 1-63 of the affidavit attached to Plaintiff's complaint for the reasons discussed *infra* at 12-13.  Along with the responsive statement, Defendants may file a supplement to their opposition to Plaintiff's motion for partial summary judgment of up to five pages addressing, *inter alia*, any new arguments in light of the Court's decision to treat Plaintiff's affidavit as a statement of material facts for purposes of Local Rule 7(h).  Plaintiff shall file a single reply brief, not to exceed 30 pages, on or before May 22, 2015.  As with the motion to dismiss, these briefs may not incorporate by reference arguments made in other filings, and the motion for summary judgment will be decided based exclusively on the filings submitted with respect to that motion.  In their briefs on the motion for summary judgment, the parties shall address whether the Court should construe Count 1 of Plaintiff's complaint as pleading a claim for relief under the Administrative Procedures Act, 5 U.S.C. § 706(1).

Finally, in light of the voluminous motions practice to date and the confusion that has resulted from the sequence, repetition, and cross-referencing of those filings, it is hereby ORDERED that before filing any motions or other pleadings, other than those specifically requested above (and, if necessary, motions for extension of time) the parties shall comply with the following process:

> (1) The party seeking relief shall contact the opposing party or, if the opposing counsel is represented, counsel for the opposing party, and schedule a meet and confer session.  During the meet and confer session, the parties shall endeavor in good faith to the relevant dispute.

(2) If the parties are unable to resolve the relevant dispute, the parties shall *jointly*

contact the deputy clerk to schedule a time to confer with the Court regarding the

dispute.

(3) The Court will then schedule a conference to discuss the matter and will indicate

whether the parties should file pre-conference statements regarding the dispute.

(4) Neither party shall file a motion (regardless of whether denominated as a

"motion," "notice," or "errata" or any other title) without first obtaining leave of

the Court and a briefing schedule.

These requirements shall remain in place until the Court renders decisions on the pending motion

to dismiss and motion for partial summary judgment.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  April 16, 2015