UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Sai, | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | )     **Case No: 14-1876 (RDM)** |
| | ) |
| **Department of Homeland Security, et. al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## DEFENDANTS' REPLY IN SUPPORT OF MOTIONS TO DISMISS AND OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND MOTION FOR DISCOVERY UNDER RULE 56(D)

Pursuant to the Court's orders dated April 30, June 10, and July 17, 2015, Defendants, the Department of Homeland Security (DHS) and the Transportation Security Administration (TSA), as well as individuals named in their official and individual capacities, by and through undersigned counsel, provide the following reply in support of the Motion to Dismiss and Statement of Interest of the United States (ECF No. 23), Supplement to the Motion to Dismiss (ECF No. 62), Motion to Dismiss of the Individual Defendants (ECF No. 63) and in opposition to Plaintiff's Motion for Leave to Amend (ECF No. 73) and motion for discovery under Rule 56(d) (ECF No. 74).

**I.     Plaintiff Does Not Have A Claim For Agency Delay Under The Rehabilitation Act.**

Plaintiff states in the Complaint that "[t]his suit is brought strictly for matters relating to defendants' handling of Sai's [administrative] complaints" (i.e., the alleged failure to timely process those complaints) and is not addressed to the alleged conduct underlying those complaints. (Compl. ¶ 15)   In his opposition, Plaintiff further states that he is "not claiming that the *handling* of [his] Rehabilitation Act complaint was discriminatory." (ECF No. 73 at 22, n. 10)   Together, these admissions confirm that Plaintiff has not stated a viable claim under Section 504 of the

1

Rehabilitation Act regarding the limited subject of this lawsuit (i.e., the agency's handling of Sai's administrative complaints).

Section 504 provides in relevant part:

> [n]o otherwise qualified individual with a disability in the United States . . . shall, *solely by reason of her or his disability* be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794(a) (emphasis added).    Thus, to state a claim under Section 504 claim for the agency's failure to timely process his administrative complaints,[1] Plaintiff must establish that the administrative process constitutes a "program or activity" of the agency within the meaning of section 504 *and* that his administrative complaints were not timely processed "solely by reason of . . . his disability."

Not only has Plaintiff failed to plead any exclusion from a government program or activity, *see generally* Compl., but Plaintiff states explicitly in his Opposition that he is "not claiming that the *handling* of my Rehabilitation Act complaint was discriminatory" and thus concedes that the conduct he is challenging (i.e., the alleged delay in administrative processing) was not "*solely by*

---

[1]    While Plaintiff alleges that his claim is pursuant to the Rehabilitation Act, he also suggests that the agency's implementing regulations, *see* 6 C.F.R. § 15.70, somehow create a private right of action. *See* Opp. at 21 ("Defendants are obligated to obey their own regulations and must be enjoined to do so").   No such private right of action exists. *See Alexander v. Sandoval,* 532 U.S. 275, 291 (2001) ("Language in a regulation may invoke a private right of action that Congress through statutory text created, but it may not create a right that Congress has not.")    Because Plaintiff has failed to state a claim under the Rehabilitation Act (since he concedes he is not alleging that the alleged delay in processing his administrative complaints was motivated by discrimination based on his disability), it necessarily follows that he has no claim under regulations implementing that Act.

*reason of . . . his disability.*" (ECF No. 73 at 22 n. 10).[2]   By this concession, Plaintiff admits

that he has failed to state a Section 504 claim for any agency delay in the processing of his

administrative complaint since he admittedly is not alleging any discrimination on the basis of his

disability in connection with that processing.  *See* 29 U.S.C. § 794(a); *see also Jackson v. District

*of Columbia*, 826 F.Supp.2d 109, (D.D.C. 2011) ("To state a claim under Section 504 'a plaintiff

must show that he or she was discriminated against solely by reason of his [or her] handicap.'")

Given this admission, Plaintiff's claim under the Rehabilitation Act should be dismissed.

　　This admission further renders moot all of Plaintiff's arguments regarding the "affidavit"

accompanying the Complaint, which the Court has treated as a Local Rule 7(h) statement.   Here,

the applicability of Local Rule 7(h) is premised on the existence of a Rehabilitation Act claim

since that was the claim on which Plaintiff seeks partial summary judgment and is the type of

claim that could implicate Local Rule 7(h).[3]   (*See* ECF No. 7).   Since Plaintiff has now conceded

that he has alleged no discrimination in the handling of his administrative complaint (*supra* note 2

and accompanying text), he has failed to state a Section 504 claim with respect to the narrow issue

raised in this lawsuit (i.e., which is limited only to the handling of his administrative complaints

and not the conduct underlying the administrative complaints – see Compl. ¶ 15).   Thus, the

factual allegations contained in his LCvR 7(h) statement are immaterial because he cannot seek

summary judgment on a claim that is facially defective.   Accordingly, because Plaintiff's

---

2      Plaintiff makes a similar concession in his reply in support of his motion for partial
summary judgment.   (ECF No. 70 at 17 n. 11) ("To be clear, I am not claiming that the *handling*
of my Rehabilitation Act complaint was discriminatory — but rather, that my complaint was
*about* discriminatory actions . . . .")

3      In contrast, a claim under the Administrative Procedure Act ("APA") would be a claim
based on an administrative record governed by Local Rule 7(n), not Local Rule 7(h).

Rehabilitation Act claim is defective as a matter of law, the allegations in Plaintiff's LCvR 7(h) statement are immaterial and any alleged inadequacy or admissions with respect to the agency Defendants' responses to that statement (which Defendants deny) need not be considered by the Court.

## II.    Plaintiff Fails To State A Claim Under The APA.

As established in the motion to dismiss and supplement thereto, Plaintiff cannot pursue Count I as an Administrative Procedure Act ("APA") claim.   As an initial matter, Plaintiff cannot amend his Complaint by arguing in subsequent briefing that his Rehabilitation Act claim is actually an APA claim.   *See Coleman v. Pension Benefit Guar. Corp.,* 94 F. Supp. 2d 18, 24 n.8 (D.D.C. 2000) ("It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss.").   While Plaintiff has filed a motion for leave to amend his Complaint to "clarif[y] the APA claims", ECF No. 73, any such amendment would be futile for reasons discussed immediately below as well as in the section below (Section VI) addressing the motion to amend.   *See also* notes 6 and 8 *infra.*

Additionally, as Defendants have argued, Plaintiff is estopped from bringing his claim as one seeking administrative review since he already requested, and was granted by the Court, leave to proceed with that claim under procedures wholly different from the procedures under the Local Rules for cases involving administrative review.[4]   *See Moses v. Howard Univ. Hosp.,* 606 F.3d 789, 800 (D.C. Cir. 2010) (affirming district court's invocation of judicial estoppel where plaintiff

---

4       At Plaintiff's request, the Court treated the "affidavit" accompanying Plaintiff's Complaint as a Local Rule 7(h) statement.   Had Plaintiff pled his claim as one seeking administrative review it would have triggered LCvR 7(n) instead.   *See* LCvR 7(n) (requiring agency to file certified list of the contents of the administrative record in cases involving judicial review of administrative agency actions).

asserted clearly inconsistent positions).   In considering whether to apply judicial estoppel, a court must consider : 1) whether there was clear inconsistency between the positions; 2) whether the court was persuaded of the earlier position; and 3) the unfair effect of the inconsistent position on the parties.  *See id.* at 798.

Plaintiff's claim in his Opposition that his position has been "completely consistent" is unpersuasive.  (*See* ECF No. 72 at 13).   He was, by definition, inconsistent when he first pled the claim under the Rehabilitation Act and moved to require the agency Defendants to respond to the "affidavit" accompanying the Complaint as a Local Rule 7(h) statement only to later claim that Count I was asserted under the APA.   The Court accepted Plaintiff's earlier position that the claim was brought under the Rehabilitation Act and, as a result, the Court ordered the agency Defendants to respond to his statement.  (*See* ECF No. 56 at 27).   Further, Defendants would suffer an unfair detriment and Plaintiff would derive an unfair advantage if, having already produced a response to the Rule 7(h) statement, they would also have to produce an administrative record.   Accordingly, Plaintiff's attempts to rebut Defendants' estoppel argument are without merit.[5]

Apart from these procedural issues, Plaintiff cannot assert an APA claim under section 706(1) for delay in the processing of his administrative complaints because an adequate remedy already exists under the Rehabilitation Act to address the underlying screening incidents that are the subject of those administrative complaints.   (ECF No. 23, Mem. in Support, at 10-11).[6]

---

5       Plaintiff's attempt to assert an estoppel theory ("promissory estoppel") against the government (Opp. at 22) is equally without merit.  *See Office of Personnel Mgmt. v. Richmond*, 496 U.S. 414, 419-20 (1990) (stating that "equitable estoppel will not lie against the Government as it lies against private litigants").

6       Defendants dispute that the existing Complaint asserts a claim under the APA.   However, to the extent the APA is referenced in the existing Complaint, it is only referenced in the context of

Section 504 implies a private right of action to sue for injunctive relief in federal court for

violations of that section that is not dependent on administrative exhaustion. *Am. Council of the*

*Blind v. Paulson,* 463 F. Supp. 2d 51, 58 (D.D.C. 2006) (recognizing private right of action against

the government), *aff'd,* 525 F.3d 1256 (D. C. Cir. 2008); *Adams v. District of Columbia,* 740 F.

Supp. 2d 173, 182 (D.D.C. 2010) (holding that administrative exhaustion is not required for claims

brought under section 504); *Milbert v. Koop,* 830 F.2d 354, 356 (D.C. Cir. 1987) ("By way of

contrast, section 504 incorporates Title VI -- not Title VII -- procedures. Title VI . . . does not

contain exhaustion requirements . . . .").[7]

---

section 706(1) and, specifically, the agency's alleged failure to provide a response to two administrative complaints as of the date of the Complaint.  *See* Compl. at ¶ 50 (referencing 5 U.S.C. § 706(1) regarding agency action "unreasonably withheld or unreasonably delayed").  Thus, Plaintiff, at most, can contend that the existing Complaint asserts a claim under section 706(1) for the agency's alleged failure to respond to the two administrative complaints. (*See* Mem. Op., ECF No. 56 at 27) ("In their briefs on the motion for summary judgment, the parties shall address whether the Court should construe Count 1 of Plaintiff's complaint as pleading a claim for relief under the Administrative Procedures Act, 5 U.S.C. § 706(1)").  Plaintiff cannot contend that the existing Complaint asserts a claim under section 706(2) – to "hold unlawful and set aside agency action, and conclusions found to be . . . arbitrary and capricious . . ." – because the existing Complaint neither references that provision nor identifies any agency action for the Court to set aside.

7       A different situation arises when federal employees use Section 504 of the Rehabilitation Act to bring claims against an Executive agency employer instead of using Section 501 of the Rehabilitation Act, which requires federal agencies to create "an affirmative action program plan for the hiring, placement, and advancement of individuals with disabilities." 29 U.S.C. § 791(b). In those cases, courts have required plaintiffs to exhaust their Title VII administrative remedies before bringing suit because the remedies of Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16) – not Title VI – are available for violations of Section 501. *See* 29 U.S.C. § 794a(a)(1); *see also McGuinness v. U.S. Postal Serv.*, 744 F.2d 1318, 1320 (7th Cir. 2008); *Freed v. Consol. Rail Corp.*, 201 F.3d 188, 192 (3d Cir. 2000) (distinguishing Section 504 claim filed by a federal employee from Section 504 claims outside the employment context, finding that the former requires exhaustion where the latter does not).   Since Plaintiff is not a federal employee and his claims are not employment-related, these exhaustion requirements do not apply.

Because Section 504 affords a judicial remedy for the underlying screening incidents that is not dependent on the exhaustion of administrative complaints regarding those incidents, APA review of agency inaction in the administrative process is unavailable. *Cf. Wright v. Dominquez,* 2004 U.S. App. LEXIS 15239, at *2 (D.C. Cir. July 21, 2004) (holding that appellant was not bound by the outcome of the EEOC's administrative process but was entitled to de novo review in district court regardless of that outcome and "[t]his de novo review provides an adequate remedy . . . for complaints about the EEOC's administrative process, precluding an APA challenge to the EEOC's procedures."); *Ward v. EEOC,* 719 F.2d 311, 313-14 (9th Cir. 1983) ("The EEOC's negligence or inaction in the internal processing of a complaint has no determinate consequences because such actions are merely preparatory to a lawsuit" and thus "the statutory requirement that there be 'no other adequate remedy in a court' is not met."); 5 U.S.C. § 704 (APA review available only when "there is no other adequate remedy").

The unavailability of APA review in such contexts is well settled.   In *Council of & for the Blind v. Regan,* 709 F.2d 1521 (D.C. Cir. 1983), plaintiffs alleged that the agency violated the APA by failing to respond to their administrative complaints about alleged discriminatory conduct by grant recipients in the use of agency funds.     *Id.* at 1524.   The Court dismissed the APA claim because the underlying substantive statute provided an adequate remedy, namely, individual lawsuits against the grant recipients on the merits of the discrimination claims. *Id.* at 1531-33.   In *Garcia v. Vilsack,* 563 F.3d 519 (D.C. Cir. 2009), the Court held that *Council* applied equally when the underlying claim of discrimination raised in the pending (and not-acted-upon) administrative complaint was directed against the agency itself.   *Id.* at 525.   Plaintiff thus has no

APA claim for TSA's failure to timely respond to his administrative complaints because he can bring a Court action under Section 504 to address the merits of the underlying claims.[8]

Contrary to Plaintiff's assertion, therefore, the Complaint cannot "be construed simultaneously under the Rehabilitation Act and the Administrative Procedure Act." (Opp. at 19) Plaintiff's only potential claim is to bring an action under the Rehabilitation Act challenging the underlying screening incidents, which he expressly states is a claim that falls outside the scope of this lawsuit. (*See* Compl. ¶ 15)

Plaintiff largely ignores the above argument and fails to address the law on which Defendants rely for the proposition that he does not have an APA claim. Instead, Plaintiff cites at length to dated case law from the Ninth Circuit, *J.L. v. Social Security Administration*, 971 F.2d 260, 268 (9th Cir. 1992) and *Doe v. Attorney General of United States*, 941 F.2d 780 (9th Cir. 1991), which have not been followed by this Circuit on the question presented. Plaintiff also cites to a First Circuit decision, *Cousins v. Secretary of the United States Department of Transportation*, 880 F.2d 603 (1st Cir. 1989), which addresses a different issue. In *Cousins,* the question presented was whether a plaintiff could challenge, under section 504 of the Rehabilitation Act, a

---

8        To the extent Plaintiff seeks to amend the Complaint to include a claim under section 706(2) in light of TSA's response to the BOS administrative complaint (ECF No. 31), Defendants address that issue in Section VI below. As discussed in that section, any claim under section 706(2) would fail for the same reason a section 706(1) claim fails, namely, an adequate remedy exists under the Rehabilitation Act for the underlying screening incidents. *See* 5 U.S.C. § 704 (only final agency action "for which there is no other adequate remedy in a court" is reviewable under the APA). Moreover, to the extent Plaintiff seeks to amend the Complaint to include a claim under section 706(1) for agency delay in responding to the administrative appeal of the response to the BOS complaint, that claim fails for the same reason that any purported 706(1) claim set forth in the existing Complaint fails and in any event is moot since the formal determination regarding the BOS appeal was issued on August 25, 2015. (*See* Exhibit A – Formal Determination, Complaint No. TSA-13-0397)

government regulation that prevented him from driving a truck. *Id.* at 605. The Court held that

Section 504 did not imply a private cause of action of that nature and that Plaintiff instead could

challenge the regulation under the APA. *Id.* Thus, *Cousins* is inapplicable to the question here,

which is whether APA review is available when a private cause of action for the alleged

underlying conduct is available under Section 504. *Cousins*, moreover, does not support

Plaintiff's position that he can simultaneously pursue his claim under the Rehabilitation Act and

the APA. *See id.* (affirming dismissal of plaintiff's Rehabilitation Act complaint because plaintiff

should have applied APA label to his suit). Ultimately, Plaintiff fails to rebut the case authority

on which Defendants rely for their position, and thus his attempt to bring an APA claim must fail.

### III. The Court Should Simultaneously Substitute the United States and Dismiss The Claims for Monetary Damages Against The Individual Defendants And Any Resulting FTCA Claim Against the United States.

Any claim by Plaintiff for monetary damages against the individual defendants in their

individual capacities should be dismissed in light of the filed Westfall certification.[9] Under the

Westfall Act, 28 U.S.C. § 2679(d), the filing of that certification requires that the United States be

substituted as a party defendant in place of the named individuals. *Osborn v. Haley,* 549 U.S.

225, 229 (2007). The consequence of this substitution is that any claim "arising or resulting from

the negligent or wrong act or omission" of the individual defendants (whether in their official or

---

9       Although not clearly pled in the Complaint, Plaintiff has suggested in a previous motion
(ECF No. 27) that the tort claims were asserted against the individual defendants in both their
official and individual capacities, and the Court appears to have interpreted the Complaint in that
manner. (ECF No. 56, Mem. Op. at 18-20). However, any claims asserted against the individual
defendants in their official capacities are "effectively claims against the agency itself" (ECF No.
56, Mem. Op. at 18) and the "FTCA's waiver of sovereign immunity to the United States . . .
prohibits suits against governmental agencies." *Hudert v. Alion Sci & Tech.,* 429 F. Supp. 2d 99,
104 n.2 (D.D.C. 2006). Thus, Plaintiff cannot assert tort claims against DHS or TSA and, by
extension, the individual defendants in their official capacities.

individual capacities) should be dismissed and those claims, to the extent otherwise cognizable against the United States under the FTCA, would proceed only against the United States. *See* 28 U.S.C. § 2679(b)(1); *Ali v. Rumsfeld,* 649 F.3d 762, 789 (D.C. Cir. 2011).

As set forth in 28 U.S.C. § 2679(b)(2), the only exceptions are to claims "brought for a violation of the Constitution of the United States" or "brought for a violation of a statute of the United States under which such action against an individual is otherwise authorized." *Id.* § 2679(b)(2). Neither applies here. Although nominally labeling certain of his claims as *Bivens* claims, Plaintiff has not alleged that any individual defendant violated any constitutional right in connection with the agency's processing of Plaintiff's administrative complaints. It is well settled, moreover, that "an agency's failure to process discrimination complaints in the manner required by federal statutes and regulations does not deprive complainants of constitutional rights." *Women's Equity Action League v. Cavazos,* 906 F.2d 742, 752 (D.C. Cir. 1990).

Plaintiff fails to meaningfully respond to these arguments. He contends that "[o]bstruction of justice is a violation of a clearly established Constitutional right to due process." (Opp. at 37) This unsupported and conclusory assertion, however, is not sufficient to bring Plaintiff's claims within the exception to the Westfall Act.[10] *See id.; see also Council of and for the Blind,* 709 F.2d at 1533-34 ("The ORS's failure to process appellants' complaints does not extinguish their rights under the Act, it merely denies them the assistance of the ORS in vindicating those rights. In order to state a legally cognizable constitutional claim, appellants

---

[10] Even if Plaintiff's claim were to be considered an exception to the Westfall Act, it would not support a *Bivens* remedy in any event for all of the reasons stated in the individual defendants' motion to dismiss. (ECF No. 63 at 18-31). *See also RSM Prod. Corp. v. Freshfields Bruckhaus Deringer US, LLP,* 682 F.3d 1043, 1049 (D.C. Cir. 2012) (the "court need not accept conclusions of law – 'corrupt money' – as true for purposes of a motion to dismiss").

10

must allege more than the deprivation of the expectation that the agency will carry out its duties."). Moreover, to the extent the Complaint references alleged obstruction of justice, it is in the context of allegations against "unknown" individuals and not claims against any specifically named individual defendant. (Compl. ¶¶ 68-72). Thus, such allegations are not a basis to avoid dismissal of claims against the ten individually-named defendants.

Plaintiff also appears to suggest that the Westfall certification filed with the motions to dismiss is not dispositive of whether the individually-named defendants acted within the scope of their employment with respect to the alleged conduct underlying Plaintiff's claims. (Opp. at 36) However, "Plaintiffs bear the burden to rebut the presumption created by the Westfall Act certification that the individual defendants acted within the scope of their employment" and cannot rely on conclusory assertions to meet that burden. *See, e.g., Kelley v. FBI,* 67 F. Supp. 3d 240, 278 (D.D.C. 2014). Plaintiff has not offered any basis to rebut the Westfall Act certification. Indeed, his own allegations in the Complaint – in which he alleges that the individually named defendants were employees of either TSA or DHS at the time in question (Compl. ¶¶ 20-30), acted in that capacity with respect to the alleged conduct at issue, and is suing the individuals in their official capacities for the same conduct underlying the claims against them in their individual capacities – dispense with that issue. *See Connell v. Copeland,* 706 F.Supp. 2d 141, 145 (D.D.C. 2010) (plaintiff must allege "sufficient facts to rebut the Government's certification.'"), *aff'd,* 2011 U.S. App. LEXIS 7894 (D.C. Cir. Apr. 15, 2011).

Thus, because the exceptions in section 2679(b)(2) are inapplicable, all claims asserted against the individually-named defendants for money damages may be pursued, if at all, solely through a claim against the United States provided by 28 U.S.C. §§ 1346(b) and 2672, and the

claims against the individually named defendants should be dismissed with prejudice. *See, e.g., Simpkins v. District of Columbia,* 108 F.3d 366, 371 (D.C. Cir. 1997) (the Westfall Act makes "the FTCA the 'exclusive remedy' for . . . torts by government employees acting within the scope of their duties 'even when the FTCA itself precludes Government liability'").

In their place, moreover, the United States is automatically substituted by operation of law as the defendant in connection with any such claim. *See* 28 U.S.C. § 2679(d)(1). This would include the claims for intentional and negligent infliction of emotional distress that Plaintiff contends "remain[]" (Opp. at 35) notwithstanding his concession that his FTCA claims should be dismissed (*id.*). Specifically, Plaintiff has acknowledged at a prior status conference that he failed to exhaust administrative remedies under the FTCA prior to filing this lawsuit. *See Edwards v. Dist. of Columbia*, 616 F. Supp. 2d 112, 117 (D.D.C. 2009) ("[T]he failure to exhaust administrative remedies *prior* to filing suit cannot be remedied by amending the complaint at a later date." (collecting cases)). Thus, for that reason and the other reasons asserted in Defendants' motions and supplement thereto (*e.g.,* ECF No. 62 at 6-10 and ECF No. 63 at 12-18), the substitution of the United States should be followed immediately by the dismissal of any resulting FTCA claims against the United States (including any claim for intentional or negligent infliction of emotional distress). *Wilson v. Libby*, 535 F.3d 697, 711 (D.C. Cir. 2008); *Wasserman v. Rodacker,* 557 F.3d 635, 640 (D.C. Cir. 2009); *Simpkins,* 108 F.3d at 370-71.

**IV.     Any Purported Claim Under *Bivens* or Section 1983 Should Be Dismissed.**

Plaintiff purports to assert individual-capacity claims against the named individual Defendants under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). (Compl. ¶ 51). The individual defendants argued in their motion to dismiss that

12

Plaintiff's section 1983 claims should be dismissed because the defendants are not state actors. *See Settles v. U.S. Parole Comm'n,* 429 F.3d 1098, 1104 (D.C. Cir. 2005).   Plaintiff concedes this argument by contending that "[a]ll mentions of § 1983 were intended to refer to *Bivens.*"   (Opp. at 36).   Thus, Plaintiff appears to have withdrawn his section 1983 claim.

With respect to the purported *Bivens* claims, Plaintiff alleges that the individually-named Defendants each had some unspecified involvement in the agency's failure to respond to his administrative complaints within 180 days, thereby violating his "clearly established civil rights" under the Rehabilitation Act and "DHS' implementing regulations."   (Compl. ¶ 54).   As argued in the individual Defendants' motion, Plaintiff has not pled specific facts regarding the conduct of any individual defendant, but relies entirely on conclusory allegations and an apparent vicarious liability theory that fail to meet the *Iqbal* pleading standard.   *See Iqbal,* 556 U.S. at 676-680. Moreover, no *Bivens* remedy exists in the context of a delay in Section 504 administrative processing, and this Court should not imply a new remedy here, given the comprehensive remedial scheme afforded under the Rehabilitation Act, *see Taylor v. Gearan,* 979 F. Supp. 2, 10-11 (D.D.C. 1997), and other special factors that counsel against the creation of such a remedy, *see Chappell v. Wallace,* 462 U.S. 296 (1983).   Additionally, Plaintiff does not allege that any constitutional right, let alone a clearly established constitutional right, was violated (and, indeed, no such right exists for the processing of an administrative complaint, *e.g., Women's Equity Action League,* 906 F.2d at 752) and, therefore, the individual Defendants are entitled to qualified immunity.

Plaintiff has not offered any meaningful response to these arguments.   As discussed above, he contends only that "[o]bstruction of justice is a violation of a clearly established

13

Constitutional right to due process" (Opp. at 37).   But that unsupported assertion is made in the context of allegations against "unknown" individuals.   (Compl. ¶¶ 68-72).   Such an allegation – that unknown individuals "obstructed justice" – is a conclusory assertion that is insufficient to state a claim against the ten individually named Defendants.   *See RSM Prod. Corp. v. Freshfields Bruckhaus Deringer US, LLP,* 682 F.3d 1043, 1049 (D.C. Cir. 2012) (the "court need not accept conclusions of law – 'corrupt money' – as true for purposes of a motion to dismiss").   Plaintiff, moreover, has not identified any case authority to suggest that such a bare allegation adequately pleads a constitutional violation and case law is to the contrary.   *See Women's Equity Action League,* 906 F.2d at 752 ("[a]s for plaintiffs' constitutional claim, *Council of and for the Blind* held that an agency's failure to process discrimination complaints in the manner required by federal statutes and regulations does not deprive complainants of constitutional rights").

Certain of the individual Defendants also raised the defense of lack of personal jurisdiction and improper venue.[11]   Plaintiff fails to meaningfully respond to those arguments (Opp. at 37-38) and, accordingly, these Defendants rest on the evidence and argument presented in their motion as to those defenses.

---

11      All individually named Defendants also observed that service on them was not timely. *See* ECF No. 63, at 37 n.18.   Plaintiff's only response to this argument is to attempt to blame the individual Defendants for allegedly failing to cooperate.   (Opp. at 38)   Apart from the fact that an adverse party is not required to assist a plaintiff in effectuating service, the record establishes that undersigned counsel agreed to accept service on behalf of the individually named Defendants while there remained ample time to effectuate service within the 120-day service period. (ECF No. 14-1 and 41).   Plaintiff simply failed to promptly follow the straightforward procedure set forth in undersigned counsel's letter to effectuate service through counsel (ECF No. 14-1).   Thus, Plaintiff's assertion of a lack of cooperation is without merit and the lack of timely service provides an additional basis for dismissal. *Stewart v. Gates,* 786 F. Supp. 2d 155, 163 (D.D.C. 2011) ("Even if the Court were find that the plaintiff has shown good cause . . . ,   extending the time to serve them under Rule 4(m) would be futile . . . .").

**V.       Plaintiff's Cross-Motion for Discovery**

Plaintiff's cross-motion for discovery under Rule 56(d) is procedurally defective and also not a basis for the Court to defer ruling on the threshold legal issues discussed above.   First, Plaintiff is incorrect in asserting that the attachments to the motions to dismiss convert the motion to one for summary judgment.   Those attachments – which consist of a Westfall certification and declarations by certain individual Defendants – pertain to questions regarding the Court's jurisdiction raised under FRCP 12(b)(1), not 12(b)(6).   The Court may properly consider such evidence under Rule 12(b)(1).   *See Herbert v. Nat'l Acad. of Sci.*, 974 F.2d 192, 197 (D.C. Cir. 1992) (In determining whether jurisdiction exists, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence.)

Even if Plaintiff's motion were proper (which it is not),[12] Plaintiff has not identified the specific discovery that he contends is necessary to respond to the threshold arguments raised in Defendants' motions.   He simply makes the blanket assertion, without any support or further explanation, that he "'cannot present facts essential to justify [my] opposition', because 'facts are unavailable' to me."   (Opp. at 38)   He does not identify what facts are essential to his opposition for which he would require discovery.   Thus, Plaintiff has failed to provide any basis that would warrant staying resolution of the pending motions to dismiss to permit discovery to be taken.

Moreover, as the above-discussion makes clear, the overarching issues raised in Defendants' motions to dismiss are purely legal questions that do not require discovery for the

---

12      Defendants also note that, in violation of the Court's April 16, 2015 order, Plaintiff did not obtain leave of Court before incorporating a cross-motion for discovery into his opposition. Plaintiff acknowledges this defect in his filing.   (Opp. at 39 n. 15)

Court to resolve.   Plaintiff also has failed to meet his burden to rebut the presumptive validity of the Westfall certification and thus has failed to establish a need for discovery as to that issue.   *See, e.g., Minnick v. Carlile,* 946 F. Supp. 2d 128, 131 (D.D.C. 2013), *aff'd,* 2014 U.S. App. LEXIS 1234 (D.C. Cir. Jan. 22, 2014); *see also Connell v. Copeland,* 706 F. Supp. 2d 141, 145 (D.D.C. 2010) ("'[T]here is no right to even limited discovery unless and until a plaintiff alleges sufficient facts to rebut the Government's certification.'"), *aff'd,* 2011 U.S. App. LEXIS 7894 (D.C. Cir. Apr. 15, 2011).

Finally, although Plaintiff asserted during a prior status conference that he needs discovery to address the declarations submitted by the individual defendants who have raised a personal jurisdiction defense, that argument raised at a status conference (not in the opposition itself) is not a basis for the Court to permit discovery at this time as to that narrow issue.   First, it is Plaintiff's burden to plead the basis for personal jurisdiction in the Complaint over these defendants, *see Walsh v. Hagee,* 900 F. Supp. 2d 51, 56 (D.D.C. 2012), and he has failed to do so.   His failure to meet this pleading burden is alone dispositive of the jurisdictional issue without regard to the factual assertions made in the referenced declarations.

Moreover, as argued in the individual Defendants' motion to dismiss, the raising of a personal jurisdiction (or venue) defense does not prevent the Court from dismissing the claims against these defendants with prejudice on the other threshold legal grounds raised in the motion. *Simpkins,* 108 F.3d at 370-71.   Indeed, it is the "duty of the lower federal courts to stop insubstantial *Bivens* actions in their tracks and get rid of them," *id.*, and, in fulfilling that duty, district courts can address the merits of a *Bivens* claim on a motion to dismiss even if there also may be defects on jurisdictional grounds.   *See id.; Cameron v. Thornburgh,* 983 F.2d 253, 257 n.5

(D.C. Cir. 1993) ("it plainly is not in the interest of justice to further prolong the exposure" of individual *Bivens* defendants to frivolous claims).   Thus, because the claims against the individual defendants fail for numerous threshold reasons that alone justify dismissal of the individual-capacity claims with prejudice, it is unnecessary for Plaintiff to conduct discovery directed to the narrow issue of personal jurisdiction.   Any such discovery would unnecessarily "prolong the exposure" of the individual defendants to frivolous claims and would be a waste of government and judicial resources.   For this additional reason, Plaintiff's cross-motion for discovery should be denied.

## VI.   Opposition to Motion for Leave to Amend

Plaintiff seeks leave to file an amended Complaint to purportedly "drop" his FTCA claims, add a claim regarding Defendants' alleged "refusal to respond to my BOS grievance administrative appeal," and "clarify" other aspects of his pleading.   (ECF No. 73).   The purported "clarification" seems intended to add an APA claim to the existing Complaint, both under 5 U.S.C. § 706(1) and 706(2).   The "BOS grievance administrative appeal" refers to Plaintiff's appeal in May 2015 of TSA's March 2015 response to the administrative complaint that Plaintiff filed regarding a screening incident at Boston's Logan International Airport (BOS).

At the outset, it is unnecessary to file an amended complaint solely for the purpose of withdrawing a FTCA claim that Plaintiff has acknowledged was not administratively exhausted prior to filing suit and that is already subject to a motion to dismiss.   Additionally, it is futile to amend the Complaint to clarify allegations in support of claims that, as established above, are legally deficient.   Plaintiff has not identified in his motion for leave to amend the allegations that he has "clarified" (beyond the APA issue) or explained how any such amendments would cure the

17

threshold legal defects in his claims.   Moreover, to the extent any such "clarifying" allegations are

directed towards the claims against the individually named Defendants, it would be not only futile,

but also prejudicial to those Defendants, to permit any such amendments at this time. *Simpkins,*

108 F.3d at 370-71 (noting it is the "duty of the lower federal courts to stop insubstantial *Bivens*

actions in their tracks and get rid of them"); *Cameron,* 983 F.2d at 257 n. 5 ("it plainly is not in the

interest of justice to further prolong the exposure" of individual *Bivens* defendants to frivolous

claims).

What remains then of Plaintiff's motion for leave to amend is his request to add a claim

against the agency Defendants regarding the alleged failure of the agency to respond to his

administrative appeal of the response he received to his BOS complaint *after* filing the instant

lawsuit, as well as his attempt to add (or, in his view, "clarify" that he intended to originally assert)

a claim under section 706(1-2) of the APA.   Because the "amended" pleading seeks to add a claim

that arose after the filing of this lawsuit, Plaintiff's motion is governed by Rule 15(d) of the Federal

Rules of Civil Procedure, which applies when, as here, a party seeks to set out a "transaction,

occurrence, or event that happened after the date of the pleading to be supplemented."   *See* FRCP

15(d).   Plaintiff, therefore, is technically seeking to supplement his pleading, not amend it under

Rule 15(a).   *United States of America v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002) (supplemental

pleadings relate to events that have transpired since the date of the party's most recent pleading,

whereas amendments "typically rest on matters in place *prior* to the filing of the original

pleading"); *Hall v. CIA*, 437 F.3d 94, 100 (D.C. Cir. 2006) ("The addition of the new FOIA request

is plainly a supplemental pleading . . . as it 'sets forth transactions or occurrences or events which

have happened since the date of the pleading sought to be supplemented'").   "Supplements under

18

Rule 15(d) always require leave of the court, and the court has broad discretion in determining whether to allow supplemental pleadings in the interests of judicial economy and convenience." *Young Women's Christian Ass'n v. Allstate Ins. Co.*, 214 F.R.D. 1, 3 (D.D.C. 2003).

Whether viewed as a motion to amend or motion to supplement, the applicable standard is the same. As with a motion to amend, a motion to supplement a pleading may be denied on grounds of futility. *Id.* at 4; *see also Wildearth Guardians v. Kempthorne*, 592 F. Supp. 2d 18, 28 (D.D.C. 2008) (denying request to supplement complaint on the ground of futility); *cf. Willoughby v. PEPCO*, 100 F.3d 999, 1003 (D.C. Cir. 1996) ("The decision whether to allow a plaintiff to amend his complaint is also reviewed for abuse of discretion but leave to amend should be freely given unless there is good reason, such as futility, to the contrary."). A court has discretion to deny a motion to amend on grounds of futility when the proposed amendments would not survive a motion to dismiss. *Nat'l Wrestling Coaches Ass'n v. Dep't of Educ.*, 366 F.3d 930, 945 (D.C. Cir. 2004); *see also Smith-Haynie v. District of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998) ("an affirmative defense may be raised by pre-answer motion under Rule 12(b) when the facts that give rise to the defense are clear from the face of the complaint").

The motion for leave to amend should be denied for several reasons. First, to the extent Plaintiff seeks to challenge the agency's alleged failure to timely respond to Plaintiff's administrative appeal of the response to his BOS complaint, that claim is moot because DHS issued a formal determination in that appeal on August 25, 2015. (*See* Exhibit A – Formal Determination, No. TSA-13-0397). Moreover, Plaintiff can file a civil action under the Rehabilitation Act with respect to that formal determination. That is, the same judicial remedy available to Plaintiff under Section 504 for his administrative complaints is available to him with

respect to the BOS administrative appeal, namely judicial review with or without prior administrative exhaustion. *See, e.g., Council of & for the Blind v. Regan,* 709 F.2d 1521, 1524, 1531-33 (D.C. Cir. 1983); *Garcia v. Vilsack,* 563 F.3d 519, 525 (D.C. Cir. 2009). Thus, for reasons discussed above, it would be futile to supplement the Complaint to add a claim regarding the alleged lack of response to the BOS administrative appeal.

Defendants, moreover, already have addressed in the discussion above (and in the agency's supplement to the motion to dismiss) the legal defects in any purported claim under section 706(1) of the APA. Without deciding whether the existing Complaint asserts a claim under that section, the Court directed the Defendants to address that issue in a supplemental submission, which Defendants did. (Mem. Op., ECF No. 56 at 27; ECF No. 62 at 3-5). Thus, for reasons already stated, whether the proposed amended Complaint merely "clarifies" an existing section 706(1) claim or seeks to add a such a claim, any such amendment would be futile. Finally, it would be futile to permit the amendment of the Complaint to add a claim under APA section 706(2) – to set aside agency action as arbitrary, capricious or contrary to law – for the same reasons (i.e., the availability to file suit under the Rehabilitation Act regarding the conduct underlying the administrative complaints precludes APA review pursuant to 5 U.S.C. § 704).[13]

---

13    Accordingly, Plaintiff cannot challenge the August 25, 2015 decision on his BOS administrative appeal under section 706(2) of the APA because an adequate remedy is available to him under the Rehabilitation Act, namely, the ability to file suit in federal court under the Rehabilitation Act regarding the underlying screening incident (an option that has always been available to him without regard to whether he exhausted administrative remedies).    Moreover, Plaintiff makes clear in the existing Complaint (Compl. ¶ 15) and in the proposed amended Complaint (Proposed Am. Compl. ¶ 15) that this lawsuit does not address the screening incidents underlying his administrative complaints and concedes that any claims "regarding the actual events at BOS and SFO . . . cannot and should not be joined to this suit." *See* Compl. ¶ 15 and Proposed Am. Compl. ¶ 15. Thus, the motion for leave to amend does not seek to amend the Complaint to challenge those incidents under the Rehabilitation Act.

**VII.    Response to Miscellaneous Matters Raised In Plaintiff's Opposition**

Plaintiff makes several arguments in his Opposition that are not material to the issues raised in Defendants' motions to dismiss and that therefore do not require any further response. For instance, Plaintiff contends that his FTCA claims should be equitably tolled.  (Opp. at 32) Yet, Plaintiff has acknowledged that those claims are not properly before the Court in this action and has sought to "drop" those claims.  (Opp. at 35)  Plaintiff also makes a series of arguments regarding alleged defects in the agency Defendants' response to his purported Local Rule 7(h) statement and the agency's alleged failure to file an administrative record.  (Opp. at 9 – 19) Those arguments lack legal support, are not material to Defendants' motions to dismiss and, in any event, are without merit for reasons stated above and in Defendants' Local Rule 7(h) response (which is in compliance with the requirements of Local Rule 7(h)).   Defendants otherwise rest on their motions to dismiss and any supplements thereto in response to these and other arguments raised in Plaintiff's Opposition (i.e., as to the issue of mootness, attorneys' fees, etc.)

## <u>CONCLUSION</u>

For the foregoing reasons, the motions to dismiss filed by the agency Defendants and the individually-named Defendants should be granted and the Complaint should be dismissed with prejudice.

Respectfully submitted,

VINCENT H. COHEN, JR.
D.C. Bar # 471489
Acting United States Attorney for the District of Columbia

DANIEL F. VAN HORN
D.C. BAR # 924092
Civil Chief

By: _____ /s/ _____

JEREMY S. SIMON, D.C. BAR #447956
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2528
Jeremy.simon@usdoj.gov