# United States District Court for the District of Columbia

Sai

*Plaintiff*

v.

Department of Homeland Security *et al.*

*Defendants*

Civil Action No.:  1:14-cv-1876-RDM

## Notice of supplemental authority re. motion for IFP affidavit seal [65]

I recently filed suit on the underlying civil rights violations (at BOS) addressed in one of the two grievances at issue in this case. *Sai v TSA et al*, No. 1:15-cv-13308-WGY (D. MA.).[1] In opening that suit, I filed a nearly identical motion, *ex parte*, to the fully briefed motion [65] in this case (for IFP affidavit privacy).

Yesterday, I learned that on September 23 (ECF No. 7), Judge Young entered a minute order[2] on the motion. The relevant portion (in full) is:

"The motion to proceed in forma pauperis is denied without prejudice to its renewal

---

[1] I filed suit, as required, within 180 days after Defendants' denial for untimeliness, [72-1], of my FTCA claim re. BOS, which is the claim I asked to be equitably tolled per *June/Wong*.

Defendants have neither responded to my FTCA claim re. SFO, [72-2], nor provided any response to my January 2013 administrative grievance. Though I am now entitled to file suit — the 6 month FTCA demand requirement has passed — my position remains that I am entitled to Defendants' already-composed response to investigating my SFO grievance. *See also* parallel litigation 14-cv-403 before this Court, re. 2013-11-23 FOIA request.

The response to investigation would surely greatly inform any future suit re. SFO events (as it has with suit re. BOS events), and be in the interests of justice and expediency for all parties. Accordingly, I do not currently intend to file suit about SFO until receiving, or being denied, the SFO grievance response that is still at issue before this Court in both parallel cases.

[2] I believe the minute order is somewhat unclear, so may move for clarification, and will file a notice of any clarified ruling from D. MA. if I receive one.

supported by the appropriate papers which may be filed under seal."

This is the first order to my knowledge dealing with my specific position re IFP affidavit privacy, and it does appear to grant my motion.

FRAP 28(j) would dictate how to handle this in an appellate case, but I don't know of any equivalent in the FRCP or LCvR. My understanding is that, nevertheless, I have a duty to bring it promptly and succinctly to this Court's attention.[3]

Respectfully submitted,
Sai, *plaintiff pro se*
dccc@s.ai
+1 510 394 4724 phone / +1 206 203 2827 fax
4023 Kennett Pike #54514, Wilmington, DE 19807

---

[3] I do not wish to file any additional argument. The motion has been been fully briefed, and I rest on my motions.

## Certificate of service

I hereby certify that today, September 28, 2015, I filed this paper on Defendants by CM/ECF.