UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Sai, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No: 14-1876 (RDM) |
| | ) |
| Department of Homeland Security, et al., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICES OF SUPPLEMENTAL AUTHORITY

Defendants, by undersigned counsel, hereby respond to Plaintiff's notices of supplemental authority, ECF Nos. 81 and 82.

In *Sai v. TSA et al.*, No. 1:15-cv-13308-WGY (D. Mass. filed Sept. 4, 2015), another matter brought by Plaintiff against nearly all of the Defendants named in this case and involving many of the same allegations, the court issued a two-sentence order denying Plaintiff's request for in forma pauperis (IFP), CM/ECF access, and appointment of counsel.  *See* ECF No. 81; *Sai*, No. 1:15-cv-13308-WGY (D. Mass. Sept. 23, 2015) (order denying IFP and access to CM/ECF).  The court's denial of Plaintiff's IFP request was without prejudice "to its renewal supported by the appropriate papers which may be filed under seal."  *Id.*  At most, the court's order leaves open the possibility that Plaintiff may be granted IFP status in that case if he files appropriate supporting papers justifying his request under seal – that is, protected from public disclosure on the docket, but accessible by Defendants.  Here, by contrast, Plaintiff asks this Court to grant him IFP based on the submission of a sealed, *ex parte* affidavit, *see* ECF Nos. 3 and 66, thereby denying

Defendants the ability to view or contest any of part of his submission and denying this Court the benefit of the two-sided discourse that ensues during the normal course of the adversarial process.[1]

*U.S. v. Benzer*, No. 2:13-cr-00018-JCM-GWF (D. Nev. filed Jan 15, 2013), is also factually distinguishable.  *Benzer* is a criminal case and, as explained at length in Defendants' Opposition to Plaintiff's Renewed Motion for Leave to Proceed In Forma Pauperis, it therefore implicates entirely different interests and authorities than the instant civil case.  *See* ECF No. 67 at 12-13.  In the interim order quoted by Plaintiff, the *Benzer* court only notes that it finds persuasive the reasoning of four cases (from outside this Circuit) regarding the qualified First Amendment right to access a criminal defendant's financial affidavit and further notes that the intervener (a third-party newspaper) does not request the unsealing of such documents so no more discussion is necessary.  *See Benzer*, No. 2:13-cr-00018-JCM-GWF (D. Nev. Aug. 7, 2015) (order on intervener's motion to unseal).  Here, the financial submissions in question belong to a civil plaintiff who chose to bring this case himself, not a criminal defendant subject to prosecution. Further, the question before this Court is not just one of public access asserted by an intervening party, but of Defendants' access as part of their ability to fully defend their positions and protect their interests as named parties in the litigation.

---

[1] Moreover, Plaintiff's selection of case law to bring to this Court's attention appears to be somewhat selective.  *See, e.g.*, *Cooney v. California*, No. C-13-0677 EMC, 2013 WL 1748053, at *1 (N.D. Cal. Apr. 23, 2013) (ruling, after noting presumption in favor of public access to court records that may be rebutted only for a compelling reason, that "Plaintiff's IFP application contains information no more private than any of the other IFP applications that are regularly publicly filed with this Court," and "[a]s Plaintiff points to no specific need to keep the information in her IFP application private, this Court **DENIES** her request, and orders her to file an unredacted version of the application.").

Respectfully submitted,

VINCENT H. COHEN, JR.
D.C. BAR # 471489
Acting United States Attorney

DANIEL F. VAN HORN
D.C. BAR # 924092
Civil Chief

By:      /s/
JEREMY S. SIMON, D.C. BAR #447956
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2528
Jeremy.simon@usdoj.gov