**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

SAI,

      *Plaintiff*,

    v.

DEPARTMENT OF HOMELAND
SECURITY, *et al.*,

      *Defendants*.

Civil Action No. 14-1876 (RDM)

---

## <u>MEMORANDUM OPINION AND ORDER</u>

This is an action brought under the Administrative Procedure Act ("APA"), 5 U.S.C.

§ 701 *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 794 *et seq.*, to remedy the failure of the

Department of Homeland Security to respond in a timely manner to administrative complaints

alleging unlawful discrimination. Plaintiff, whose name is Sai, alleges that he was harassed and

mistreated on the basis of his disability during two incidents at airport security checkpoints in

early 2013—one at Boston Logan International Airport ("BOS") and the other at San Francisco

International Airport ("SFO"). He filed administrative complaints with the Department in early

2013; then, when it failed to respond, filed this action. On December 15, 2015, after lengthy

motions practice, the Court granted in part and denied in part Plaintiff partial summary judgment.

*See Sai v. DHS*, No. 14-cv-1876, 2015 WL 8966920 (D.D.C. Dec. 15, 2015). In an order issued

that day, the Court directed the Department to respond to Plaintiff's administrative complaint

regarding the incident at SFO. Dkt. 89. In all other respects, the Court granted Defendants'

motions to dismiss. *Sai*, 2015 WL 8966920. Plaintiff has now moved for attorney's fees and

costs. The Court will grant Plaintiff's motion for costs but deny his motion for fees.

## I.  BACKGROUND

The extensive procedural history of this case is detailed in the Court's two prior opinions, *see Sai*, 2015 WL 8966920, at *2–3; *Sai v. DHS*, 99 F. Supp. 3d 50, 55–56 (D.D.C. 2015), and so the Court will not belabor it here.  Plaintiff sued in November 2014 to compel the Department of Homeland Security ("DHS") to respond to two administrative complaints he had filed in early 2013 alleging violations of his civil rights.  Plaintiff's complaint alleged causes of action under the Rehabilitation Act; the APA; *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971); the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346; and a number of common-law torts, including negligent infliction of emotional distress, intentional infliction of emotional distress, and conspiracy.  *See* Dkt. 1 at 9–14. The centerpiece of the complaint was a claim of unlawful delay, which Plaintiff pled under both the APA and the Rehabilitation Act.  *Id.* at 9–10.  But the complaint also pled claims against a number of individual defendants in their personal capacities under *Bivens*, the FTCA, and other causes of action.  *Id.* at 10–14.

DHS, the Transportation Security Administration ("TSA"), and the individual defendants moved to dismiss the complaint.  *See* Dkts. 23, 63.  With respect to Plaintiff's primary claim, Defendants argued that the Rehabilitation Act did not provide a cause of action to remedy agency delay, but that it nonetheless constituted an alternative "adequate remedy" under Section 704 of the APA, and thus precluded a claim for unreasonable delay under Section 706(1) of that Act.  *Sai*, 2015 WL 8966920, at *6.  They further argued that the claims against the individual defendants should be dismissed—the *Bivens* claim on the merits and the common-law tort claims and FTCA claims for procedural reasons.  *Id.* at *15–16.  Plaintiff, for his part, moved for partial summary judgment on his unreasonable-delay claim. Dkt. 7.  He argued that DHS had failed to respond to his administrative complaint within the 180-day timeframe prescribed by DHS's own

regulations, *see* 6 C.F.R. § 15.70(g)(1), and that DHS had offered no reason to justify the delay. While the motions were pending, DHS responded to Plaintiff's BOS complaint, but not his SFO complaint. *See* Dkt. 31 at 1.

On December 15, 2015, the Court entered a Memorandum Opinion and Order granting partial summary judgment to Plaintiff on his claim that Defendants had unreasonably delayed in responding to his SFO administrative complaint, but otherwise granting Defendants' motions to dismiss. *Sai*, 2015 WL 8966920, at *20; *see also* Dkt. 89. Although Plaintiff did not assert a claim that Defendants' actions at the SFO or BOS checkpoints violated his substantive rights under the Rehabilitation Act, because Defendants argued that the potential availability of a *substantive* remedy under the Rehabilitation Act precluded Plaintiff from pursuing a *procedural* claim for agency delay under the APA, the Court started by considering whether, and how, Plaintiff might have brought suit to protect his substantive rights under the Rehabilitation Act. *Sai*, 2015 WL 8966920, at *6. As explained in the Court's Opinion, it concluded that whatever claim Plaintiff might have with respect to those substantive rights arose under the APA, and not the Rehabilitation Act. *Id.* at *6-10. As a result, the preclusion of APA review of administrative action (or inaction) "for which there is [an]other adequate remedy in a court," 5 U.S.C. § 704, did not prevent Plaintiff from pursuing a claim for agency delay under the APA. *Id.* The Court therefore concluded that partial summary judgment was warranted on Plaintiff's claim for agency delay regarding his still-pending SFO complaint, and ordered DHS to respond to that administrative complaint on or before January 22, 2016. *Id.* at *15. In all other respects, the Court granted Defendants' motions to dismiss. *Id.* at *18.

Plaintiff, who is proceeding *pro se*, has moved for a declaratory judgment that he would be entitled to attorney's fees had he obtained counsel, as well as costs in an unspecified amount of no less than the $400 filing fee.  Dkt. 90.  Defendants oppose the motion.  Dkt. 91.

## II. DISCUSSION

Defendants oppose Plaintiff's motion for costs and attorney's fees on multiple grounds. They argue that (1) Plaintiff is not entitled to costs or fees because he is not a "prevailing party" under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412; (2) Plaintiff's motion for costs should be denied because he has failed to specify the costs to which he believes he is entitled, as required by Local Civil Rule 54.1(a), *see* D.D.C. Civ. R. 54.1(a); and (3) Plaintiff's motion for fees is "moot" because, as a *pro se* litigant, he is not entitled to attorney's fees.  *See* Dkt. 91 at 4–12.  Specifically, Defendants argue that Plaintiff is not a prevailing party because "Plaintiff lost on virtually all of his claims," *id.* at 12, and with respect to his claim for agency delay, obtained no more than an "'interim' victory in the form of an order directing the agency to respond to the [administrative] complaint," *id.* at 9.  Defendants represent that they "reserve" a position on whether, were the Court to reach the question, their position in this litigation was "substantially justified" (as would bar an award of fees).  *Id.* at 8 n.3; 28 U.S.C. § 2412(d)(1)(A).

As a threshold matter, the Court agrees with Defendants that EAJA is "the only . . . fee-shifting statute available to Plaintiff."  Dkt. 91 at 5.  Plaintiff brought a variety of common-law and statutory claims, but the only claim on which he obtained relief was Count I.  *See Sai*, 2015 WL 8966920, at *6–15.  Although Plaintiff purported to bring that claim under the APA and the Rehabilitation Act, the Court concluded that the claim was properly brought only under the APA. *Id.* at *10.  Because EAJA applies to APA claims, *see* 28 U.S.C. § 2412(d)(1)(A) (providing for

awards of fees and costs in "proceedings for judicial review of agency action"), the Court will evaluate Plaintiff's motion for costs and fees under the standards set forth in that statute.[1]

## A.     Costs

EAJA provides that "a judgment for costs . . . may be awarded to the prevailing party in any civil action brought . . . against the United States" or a federal agency or officer.  28 U.S.C. § 2412(a)(1).  Defendants' primary argument as to why Plaintiff is not eligible for costs is that he is not a "prevailing party" under the Act.  Defendants argue that Plaintiff "lost on virtually all of his claims"; that, with respect to his claim seeking to compel the Agency Defendants to respond to his complaints, "the [A]gency Defendants and Plaintiff each prevailed as to aspects of that count," because the Court dismissed a portion of it as moot; and that, with respect to the portion of that claim on which Plaintiff prevailed, Plaintiff obtained only "limited relief . . . equivalent to a remand to the agency . . . [that] did not materially alter the legal relationship of the parties."  Dkt. 91 at 12.  Plaintiff, for his part, maintains that because the Court "ordered the TSA to obey the law and respond to [his] complaints," he should be deemed a "prevailing party" under EAJA.  Dkt. 92 at 10.

The Court agrees with Plaintiff that he is a "prevailing party."  In determining whether a party is a "prevailing party" under EAJA, the D.C. Circuit applies a three-part test: "(1) there must be a court-ordered change in the legal relationship of the parties; (2) the judgment must be in favor of the party seeking the fees; and (3) the judicial pronouncement must be accompanied

---

[1]  In any event, the parties identify no way in which the substantive standards for an award of fees under the Rehabilitation Act, 29 U.S.C. § 794a(b), would differ from those set out in EAJA.  Defendants suggest that a motion for costs and fees brought under the Rehabilitation Act, unlike a motion for fees under EAJA, is subject to the 14-day deadline set out in Federal Rule of Civil Procedure 54(d)(2).  *See* Dkt. 91 at 5 n.2; Fed. R. Civ. P. 54(d)(2)(B).  But because Defendants agree that Plaintiff's motion is properly brought under EAJA, they concede that it is timely, and so the Court will address the motion on the merits.

by judicial relief." *Initiative & Referendum Inst. v. U.S. Postal Serv.*, 794 F.3d 21, 23–24 (D.C. Cir. 2015) (quoting *Turner v. Nat'l Transp. Safety Bd.*, 608 F.3d 12, 15 (D.C. Cir. 2010)).  All three prongs of that test are satisfied here.  The Court held that Plaintiff was entitled to a timely response to his SFO administrative complaint (a court-ordered change in the parties' legal relationship); it entered partial judgment for Plaintiff (the party seeking the fees); and it directed Defendants to provide that response within a certain timeframe (the requested relief).  Nothing more is required under the law in this circuit.  *Accord Ctr. for Food Safety v. Burwell*, 126 F. Supp. 3d 114, 120–22 (D.D.C. 2015).

Defendants' arguments to the contrary are unpersuasive.  Defendants first argue that the Court's opinion and order did not render Plaintiff a "prevailing party" because Plaintiff did not obtain relief on *all* of the claims he originally brought.  But the Supreme Court has directly and repeatedly repudiated this understanding of the term "prevailing party."  It stated in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), for instance, that "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on *any* significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit."  And it emphasized in *Texas State Teachers Ass'n v. Garland Independent School District*, 489 U.S. 782, 790 (1989), that the "degree of the plaintiff's success in relation to the other goals of the lawsuit is a factor critical to the determination of the size of a reasonable fee, *not* to eligibility for a fee award at all."  Here, it is clear that Plaintiff received "a substantial part of what [he] asked for in the first place."  *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 966 (D.C. Cir. 2004).  The centerpiece of Plaintiff's complaint was his allegation that Defendants had "knowing[ly] and willful[ly] refus[ed] . . . to respond within 180 days" to his administrative complaints.  Compl. ¶ 1.  Plaintiff's core request

was that the Court "compel [Defendants] to immediately" respond.  *Id.* ¶ 78.  Plaintiff obtained

that relief.  Accordingly, he is a "prevailing party" for the purposes of EAJA.

Defendants also argue that, even if Plaintiff could be deemed a prevailing party despite

having obtained relief on only one of his claims, the relief he obtained was too ephemeral to

warrant an award of fees.  Defendants contend that Plaintiff won only "an 'interim' victory . . .

[that] has yet to produce any 'real-world benefit,'" relief "more in the nature of a remand to the

agency to conduct further proceedings."  Dkt. 91 at 9.  Defendants rely on the D.C. Circuit's

decision in *Waterman Steamship Corp. v. Maritime Subsidy Board*, 901 F.2d 1119, 1122 (D.C.

Cir. 1990), which denied fees to plaintiffs who had won only a remand directing an agency to

correct certain procedural errors it made in awarding a contract.  It is true that, as Defendants

observe, Plaintiff has not obtained any substantive relief relating to the discrimination he claims

to have suffered at the BOS and SFO checkpoints.  But the immediate purpose of his suit was not

to obtain such relief; rather, he sought to compel Defendants to respond to his administrative

complaints—that is, he sought to compel "agency action unlawfully withheld."  *See* 5 U.S.C. §

706(1).  The fact that Plaintiff did not simultaneously challenge Defendants' underlying conduct

at the checkpoints may limit the scope of his success, but it does not detract from the conclusion

that he was, indeed, successful in obtaining much of the relief that he sought.

Defendants finally advance an unrelated argument.  They suggest that the Court should

deny Plaintiff's motion for costs because Plaintiff has not filed a bill of costs in compliance with

Local Civil Rule 54.1.  That Rule provides that "[a] prevailing party may serve and file a bill of

costs which shall include all the costs the party seeks to have taxed," and states that such a bill of

costs "must be filed within 21 days after entry of judgment . . . unless the time is extended by the

Court."  *See* D.D.C. Civ. R. 54.1(a).  Plaintiff concedes that he did not file a formal bill of costs,

instead claiming only the filing fee of $400 "plus costs related to mailing, copying/printing, and [PACER] research," which he estimates at under $200.  Dkt. 90 at 2.  Plaintiff states that, as a *pro se* litigant, he "do[es] not know what [he] should or should not enumerate, nor indeed what categories of costs are properly taxable in this situation."  Dkt. 92 at 5.

As a threshold matter, the Court concludes that Plaintiff did provide clear notice that he is seeking, among other costs, reimbursement for the $400 filing fee that he incurred.  The docket reflects that he paid this liquidated amount, Dkt. 1, and Defendants offer no reason why he is not entitled to reimbursement of this cost.  That leaves only Plaintiff's request for "costs related to mailing, copying/printing, and PACER research, which [he] expect[s] to be less than $200 total." Dkt. 90 at 2.  As to these amounts, Defendants are correct that Plaintiff has failed to "specifically designate which costs fall within paragraph (d) of" Local Civil Rule 54.1, and has failed to detail or support his claim for costs.  D.D.C. Civ. R. 54.1(a).  The Court, however, has the discretion to waive the application of the Local Rules, *see Barnes v. District of Columbia*, 283 F.R.D. 8, 11 (D.D.C. 2012), and given the lack of prejudice to Defendants, the fact that Plaintiff is a *pro se* litigant unfamiliar with the process for filing a bill of costs, and the fact that Plaintiff did provide Defendants and the Court with notice of the types of costs he has incurred and the magnitude of those costs, the Court will do so here.

Accordingly, the Court will permit Plaintiff to file a *detailed* bill of costs with the Clerk of Court according to the schedule set out in this Order.  Plaintiff is admonished, however, that not all of the expenses he has listed in his motion, *see* Dkt. 90 at 2, are taxable as "costs" under EAJA and Rule 54(d).  *See Hadix v. Johnson*, 322 F.3d 895, 899–900 (6th Cir. 2003) ("Although Rule 54(d) allows a party to be reimbursed for its 'costs,' this term is given a far narrower interpretation than its vernacular meaning might suggest."); *see also Taniguchi v. Kan Pacific*

*Saipan, Ltd.*, 132 S. Ct. 1997, 2001 (2012) ("[28 U.S.C.] § 1920 defines the term 'costs' as used in Rule 54(d).").  Although Plaintiff is proceeding *pro se*, it is his still obligation to familiarize himself with the relevant statutes and rules.  Plaintiff is directed to 28 U.S.C. § 1920 and Local Rule 54.1(d), which set out those costs that may permissibly be taxed.

**B.     Fees**

EAJA also provides that "a court shall award to a prevailing party other than the United States fees and other expenses," in addition to costs, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).  It is well established in this circuit, however, that "*pro se* plaintiffs may not recover attorney fees under the EAJA."  *See Kooritzky v. Herman*, 178 F.3d 1315, 1321 (D.C. Cir. 1999).  Plaintiff acknowledges that he is not entitled to fees, but nonetheless claims an award of "$0—i.e., nominal, effectively declaratory relief."  *See* Dkt. 90 at 2 & n.2.  Defendants argue that because Plaintiff has no cognizable claim to fees, his request for declaratory relief is "moot" and non-justiciable.  *See* Dkt. 91 at 5–11.

The Court agrees with Defendants that Plaintiff is not entitled to a declaratory judgment that he would be eligible for a fee award were he not proceeding *pro se*.  The core of Plaintiff's claim is that "if [he] were represented by an attorney, [the attorney's] fees would be awarded to [him] on this motion."  Dkt. 90 at 2 n.2.  But a party is not entitled to "an opinion advising what the law would be upon a hypothetical state of facts."  *Calderon v. Ashmus*, 523 U.S. 740, 746 (1998) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937)).  Fee-shifting rules are designed in part to encourage litigants to retain counsel.  *Kay v. Ehrler*, 499 U.S. 432, 437–38 (1991).  Because Plaintiff did not do so, he is not entitled to any sort of judgment, declaratory or otherwise, about whether—if he had—he would have been entitled to an award of fees.  Nor

can Plaintiff avoid this conclusion by simply labeling his claim for declaratory relief as a request for "nominal" fees.[2]

To the extent his motion seeks an award of attorney's fees and other expenses or a related declaratory judgment, therefore, Plaintiff's motion is denied.

### III.  CONCLUSION

Accordingly, the Court hereby **ORDERS** that:

(1)  Plaintiff's motion for costs and attorney's fees, Dkt. 90, is hereby **GRANTED** in part and **DENIED** in part.  Plaintiff may recover those "costs" properly taxable under EAJA and Rule 54(d), but may not recover attorney's fees and other expenses.

(2)  Plaintiff may file a bill of costs with the Court on or before April 29, 2016, to include the $400 filing fee and all other costs he believes are properly taxable.  Plaintiff shall make every effort to comply with the directives set out in Local Rule 54.1.

(3)  Prior to filing a bill of costs, Plaintiff shall confer in good faith with counsel for Defendants in an effort to resolve any remaining disputes regarding taxable costs.

**SO ORDERED.**

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  April 18, 2016

---

[2]  In any event, it is hardly clear that Plaintiff *would* have been entitled to a declaratory judgment to that effect even were the issue properly before the Court.  As the Court observed in its opinion, Defendants' arguments as to why Plaintiff was not entitled to relief turned on legal questions that had not previously been resolved.  *See, e.g.*, *Sai*, 2015 WL 8966920, at *9 (noting that the source of Plaintiff's cause of action was "unsettled"); *id.* at *10, *12 (noting, but not resolving, several questions raised by the Court's analysis of the governing law).  It thus might be hard for Plaintiff to show that Defendants' position was not "substantially justified," as required by EAJA.  *See* 28 U.S.C. § 2412(d)(1)(A).  But the question is not properly before the Court, and so the Court has no need to resolve it here.